**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
E-Mail: John.Barber@lewisbrisbois.com
NATASHA COVARRUBIAS, SB# 299162
E-Mail: Natasha.Covarrubias@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for UTILIMASTER CORPORATION; THE SHYFT GROUP USA, INC.; THE SHYFT GROUP, INC.; THE SHYFT GROUP GTB, LLC; SPARTAN MOTORS GTB, LLC; and DANA PEARCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

FRANCISCO ROCHA VALDIVIA, an individual,

Plaintiff,

vs.

UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT GROUP USA, INC., a South Dakota corporation; THE SHYFT GROUP, INC., a Michigan corporation; THE SHYFT GROUP GTB, LLC, a Michigan limited liability company; SPARTAN MOTORS GTB, LLC, a Michigan limited liability company; DANA PEARCE, an individual; and DOES 1 through 100, inclusive,

Defendants.

Case No. 2:21-cv-09583

**DEFENDANT THE SHYFT GROUP GTB, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**

Complaint Filed: July 27, 2021
First Amended Complaint Filed: October 14, 2021

**NOTICE OF REMOVAL OF CIVIL ACTION TO PLAINTIFF, HIS ATTORNEYS OF RECORD, AND THE CLERK OF THE UNITED STATES COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant THE SHYFT GROUP GTB, LLC ("Defendant"), hereby removes

this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. §1332(a) because complete diversity of citizenship exists between Plaintiff and Defendants, *i.e.*, Plaintiff is a California citizen while Defendants are not California citizens and the amount in controversy for Plaintiff exceeds $75,000.00. Individual Defendant Dana Pearce has been fraudulently joined, thus his state of citizenship should be disregarded for diversity purposes.

DATED: December 10, 2021

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *Natasha Covarrubias*

John L. Barber
Natasha Covarrubias
Attorneys for UTILIMASTER CORPORATION; THE SHYFT GROUP USA, INC.; THE SHYFT GROUP, INC.; THE SHYFT GROUP GTB, LLC; SPARTAN MOTORS GTB, LLC; and DANA PEARCE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................................................................................................7

II. JURISDICTION BASIS FOR REMOVAL .............................................................9

A. Diversity of Citizenship ..............................................................................9

B. Individual Defendant Dana Pearce Has Been Fraudulently Joined. ........................11

C. Amount in Controversy .............................................................................14

III. PROCEDURAL REQUIREMENTS FOR REMOVAL ........................................15



# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Ayala v. Cox Auto*,
No. CV 16-06341-GHK, 2016 U.S. Dist. LEXIS 153617 (C.D. Cal. Nov. 4, 2016).......... 9

*Carden v. Arkoma Associates*,
494 U.S. 185 (1990).......... 10

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
994 F. Supp. 1196 (N.D. Cal. 1998).......... 14

*De Perez v. AT&T Co.*,
139 F.3d 1368 (11th Cir. 1998).......... 11

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998).......... 15

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001).......... 15

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007).......... 15

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001).......... 9

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986).......... 9

*McCabe v. Gen. Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987).......... 11

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001).......... 11

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999).......... 15

*Plaksin v. NewSight Reality, Inc.*
(C.D.Cal., Apr. 30, 2019, No. 2:19-cv-00458-RGK-SS) 2019 WL 4316255.......... 13

*Simmons v. PCR Tech*,
209 F. Supp. 2d 1029 (N.D. Cal. 2002).......... 14

*Singer v. State Farm Mut. Auto Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) ........ 14

*Soliman v. Phillip Morris, Inc.*,
311 F.3d 966 (9th Cir. 2002) ........ 10

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 ........ 9

*Triggs v. John Crump Toyota, Inc.*,
154 F.3d 1284 (11th Cir. 1998) ........ 11

*Valdez v. Allstate Ins. Co.*,
372 F.3d 1115 (9th Cir. 2004) ........ 14

**State Cases**

*Foley v. Interactive Data Corp.*,
47 Cal. 3d 564 (Cal. 1988) ........ 15

*Oppenheimer v. Robinson*
(1957) 150 Cal. App. 2d 420 [309 P.2d 887] ........ 12

*Parker v. Twentieth Century-Fox Film Corp.*,
3 Cal. 3d 176 (Cal. 1970) ........ 14

*Usher v. White*
(2021) 64 Cal.App.5th 883 ........ 13

**Statutes**

28 U.S.C. § 84 ........ 16

28 U.S.C. § 1332 ........ 14

28 U.S.C. §§ 1332, 1441, and 1446 ........ 17

28 U.S.C. § 1332(a) ........ 13, 14

28 U.S.C. § 1332(c)(1) ........ 9, 10

28 U.S.C. § 1441(a) ........ 16

28 U.S.C. § 1441(b)(1) ........ 10

28 U.S.C. § 1446(a) ........ 8

28 U.S.C. § 1446(b) ........ 15

28 U.S.C. § 1446(b)(2)(A) ........ 16

28 U.S.C. § 1446(d) .......... 16

Business and Professions Code § 17200, et seq. .......... 7, 12, 13

Code of Civ. Proc. § 430.41 (Exhibit P) .......... 8

Govt. Code § 12900 et seq. .......... 7

Labor Code § 558.1 .......... 13

Labor Code § 2802 .......... 7

**Court Rules**

Local Rule 7-3 .......... 11



## I. INTRODUCTION

1. This is an employment action brought by Francisco Rocha Valdivia, in connection with his employment with Defendant The Shyft Group GTB, LLC. Plaintiff alleges Defendant wrongfully terminated his employment on or about August 13, 2020.

2. On July 27, 2021, Plaintiff filed a Complaint, entitled *Francisco Rocha Valdivia v. Utilimaster Corporation, The Shyft Group USA, Inc.; Dana Pearce; and Does 1 through 100 inclusive*, in the Superior Court of California, County of Los Angeles, Case No. 21STCV27465. (Summons and Complaint ("Complaint"), attached as **Exhibit A** to Notice of Removal.)

3. On October 14, 2021, Plaintiff filed a First Amended Complaint ("FAC"), entitled *Francisco Rocha Valdivia v. Utilimaster Corporation; The Shyft Group USA, Inc.; The Shyft Group, Inc.; The Shyft Group GTB, LLC; Spartan Motors GTB, LLC; Dana Pearce; and Does 1 through 100 inclusive*, in the Superior Court of California, County of Los Angeles, Case No. 21STCV27465. (Summons and First Amended Complaint ("FAC"), attached as **Exhibit B** to Notice of Removal.)

4. Plaintiff asserts the following claims in his FAC: (1) Disability Discrimination (Govt. Code § 12900 et seq.); (2) Failure to Accommodate Disability (Govt. Code § 12900 et seq.); (3) Failure to Engage in the Interactive Process (Govt. Code § 12900 et seq.); (4) Retaliation (Govt. Code § 12900 et seq.); (5) Wrongful Termination (Govt. Code § 12900 et seq.); (6) Wrongful Termination in Violation of Public Policy; (7) Failure to Provide Overtime Wages; (8) Failure to Pay Minimum Wages; (9) Failure to Provide Meal Period or Compensation in Lieu Thereof; (10) Failure to Provide Rest Periods or Compensation in Lieu Thereof; (11) Wage Statement Violations; (12) Failure to Provide Due Wages at Termination; (13) Violation of Labor Code § 2802; and, (14) Violation of Business and Professions Code § 17200, et seq. (FAC at pp. 9 – 25.) Plaintiff seeks economic and general

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

damages, statutory penalties, punitive damages, equitable remedies, interest, and attorneys' fees. (FAC at pp. 26-27.)

5.      The Summons to the First Amended Complaint and the First Amended Complaint were served on Defendant The Shyft Group GTB, LLC on November 10, 2021.  (Proof of Service on The Shyft Group USA, Inc. attached as **Exhibit C** to Notice of Removal.)

6.      In addition to Exhibits A-C, the state court action contains the additional process, pleadings, and orders:  Notice of Case Assignment (Exhibit D); Notice of Case Management (Exhibit E); Order to Show Cause (Exhibit F); Peremptory Challenge to Judicial Officer (Exhibit G); Certificate of Mailing (Exhibit H); Minute Order (Exhibit I); Notice of Case Reassignment (Exhibit J); Proof of Service of Complaint on Utilimaster Corporation (Exhibit K); Proof of Service of Complaint on The Shyft Group USA, Inc. (Exhibit L); Proof of Service of Complaint on Dana Pearce (Exhibit M); Notice of Case Management (Exhibit N); Plaintiff's Notice of Case Management (Exhibit O); Declaration of Natasha Covarrubias Pursuant to Code of Civ. Proc. Section 430.41 (Exhibit P); Proof of Service of FAC on The Shyft Group USA, Inc. (Exhibit Q); Proof of Service of FAC on Utilimaster Corporation (Exhibit R); Proof of Service of FAC on Dana Pearce (Exhibit S); Proof of Service of FAC on Spartan Motors GTB, LLC (Exhibit T); Proof of Service of FAC on The Shyft Group, Inc. (Exhibit U);  Plaintiff's Case Management Statement (Exhibit V); and Plaintiff's Notice of Posting Jury Fees (Exhibit W).

7.      To Defendant's knowledge, the pleadings attached as Exhibits A - W constitute all process, pleadings, and orders filed in the state court action. *See* 28 U.S.C. § 1446(a).

8.      This Notice of Removal is timely filed within 30 days after service of the First Amended Complaint on Defendant.



## II.   JURISDICTION BASIS FOR REMOVAL

### A.   Diversity of Citizenship

9.   **Plaintiff is a citizen of California.**  A natural person's state citizenship is determined by her state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*at 857.  It is presumed that a natural person's residence is also her domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *Ayala v. Cox Auto*, No. CV 16-06341-GHK (ASx), 2016 U.S. Dist. LEXIS 153617, *10 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)).  Here, the First Amended Complaint alleges Plaintiff is, and at all times relevant to the First Amended Complaint, was an individual residing in the State of California. (*See* FAC at ¶ 1.)  Plaintiff is therefore a citizen of California.

10.   **The Shyft Group, Inc.** is incorporated in the state of Michigan.  The Shyft Group, Inc. was previously named Spartan Motors, Inc. (Declaration of Pamela Miller (hereinafter "Miller Decl."), attached as **Exhibit X**, at ¶ 3.) The Shyft Group, Inc.'s officers are located and work from the company's headquarters in Novi, Michigan. From this location, these individuals direct, control, and coordinate The Shyft Group, Inc.'s corporate operations. (Miller Decl., attached as Exhibit X, at  ¶ 4.)  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." Thus, Defendant The Shyft Group, Inc. is a citizen of Michigan.

11.   **The Shyft Group USA, Inc.** is incorporated in the state of South Dakota. The Shyft Group, Inc. is the parent company of The Shyft Group USA, Inc. The Shyft Group USA, Inc.'s officers are located and work from either Michigan or Indiana.  From these locations, these individuals direct, control, and coordinate The

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4861-3113-6774.1                                             9
DEFENDANT THE SHYFT GROUP GTB, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

Shyft Group USA, Inc.'s corporate operations. (Miller Decl., attached as **Exhibit X**, at ¶ 5.) Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." Thus, Defendant The Shyft Group USA, Inc. is a citizen of South Dakota and Michigan.

12. **The Shyft Group GTB, LLC**, is, and at the time of filing this action was, a limited liability company organized under the laws of Michigan. (Miller Decl., attached as **Exhibit X**, at ¶ 7.) In June 2019, Spartan Motors, Inc. (now known as The Shyft Group, Inc.) acquired General Truck Body, Inc. through its wholly owned subsidiary, Spartan Motors GTB, LLC. Spartan Motors GTB, LLC changed its name to The Shyft Group GTB, LLC in or around April 2020. (Miller Decl., attached as **Exhibit X**, at ¶ 6.) For diversity purposes, a limited liability company is a citizen of all the states of which its owners/members are citizens. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). The Shyft Group GTB, LLC (formerly known as Spartan Motors GTB, LLC) has a single member - The Shyft Group USA, Inc., a South Dakota corporation with its principal place of business in Michigan. (Miller Decl., attached as **Exhibit X**, at ¶ 7.) Thus, Defendant The Shyft Group GTB, LLC is a citizen of South Dakota and Michigan.

13. **Utilimaster Corporation** is improperly named. Prior to this action, Utilimaster Corporation was a corporation organized under the laws of Indiana. Utilimaster Corporation was dissolved. In December 1994, Utilimaster Corporation filed its Articles of Dissolution with the Indiana Secretary of State. (Miller Decl., attached as **Exhibit X,** at ¶ 8.) Utilimaster Corporation is, therefore not a valid legal entity. (*See id.*)

14. For purposes of removal based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b)(1); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Thus, the citizenship of alleged Doe defendants is of no consequence for purposes of this

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4861-3113-6774.1

10

DEFENDANT THE SHYFT GROUP GTB, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

removal.

**B. Individual Defendant Dana Pearce Has Been Fraudulently Joined.**

15. Individual Defendant Dana Pearce ("Mr. Pearce"), while identified as a resident of the State of California, is a "sham defendant" added only to defeat diversity jurisdiction.[1] A non-diverse party named in the state court action may be disregarded if the court determines that party's joinder is a sham or fraudulent so that no possible cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir. 1998). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987).

16. The determination of whether a resident defendant has been fraudulently joined is based upon the plaintiff's pleadings at the time of removal. *De Perez v. AT&T Co*., 139 F.3d 1368, 1380 (11th Cir. 1998). In addition, "fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris*, 236 F.3d at 1067; *see also Badon v. R J R Nabisco*, Inc., 224 F.3d 382, 389-390 (5th Cir. 2000) (diversity removal may be based on evidence outside the pleadings to establish that the plaintiff has no possibility of recovery on the claim or claims asserted against the named resident defendant and that hence such defendant is fraudulently joined and his citizenship must be disregarded for jurisdictional purposes).

17. There are no valid causes of action against Mr. Pearce in this case for

[1] Following removal, and pursuant to Local Rule 7-3, counsel for Defendants will conduct a conference of counsel regarding Mr. Pearce's intention to bring a motion to dismiss all claims against him.



the following reasons:

a. Plaintiff's only causes of action against Mr. Pearce are for failure to pay overtime wages (Plaintiff's seventh cause of action), failure to pay minimum wages (Plaintiff's eighth cause of action), failure to provide meal periods (Plaintiff's ninth cause of action), failure to provider rest periods (Plaintiff's tenth cause of action), wage statement violations (Plaintiff's eleventh cause of action), failure to provide due wages at termination (Plaintiff's twelfth cause of action), and violation of Business and Professions Code § 17200 *et seq.*(Plaintiff's thirteenth cause of action). Despite containing 119 paragraphs, the FAC only mentions Mr. Pearce twice:

- "Plaintiff is informed and believes, and based thereon alleges, that defendant DANA PEARCE ("Pearce") is, and at all times relevant hereto was, a resident of the County of Los Angeles, State of California. Plaintiff is further informed and believes, and based thereon alleges, that at all relevant times, Pearce is and was a managing agent of Utilimaster, Shyft Group USA, Shyft Group, Shyft Group LL, and Spartan Motors." (FAC ¶ 9.)
- "Indeed, rather than providing him with a cart that he could regularly use without further injuring himself or meeting with Plaintiff to determine an effective alternative accommodation for his back injury, Fernando Zavala of Human Resources (one of Plaintiff's supervisors) advised Mr. Valdivia that Defendants, including Pearce, denied the request. Defendants' failure to accommodate and refusal to provide any other alternatives exacerbated Plaintiff's back injury." (FAC at ¶ 18.)

b. "Under the common law, corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages. (*See, e.g., Oppenheimer v. Robinson* (1957) 150 Cal.

App. 2d 420, 424 [309 P.2d 887]; see generally 1 Fletcher Cyclopedia of the Law of Private Corporations (2002 supp.) § 41.) While Labor Code § 558.1 may provide grounds to hold "any employer or *other person*" liable as the employer for such violations, the individual must either have been *personally* involved in the alleged violations or had *sufficient participation* in the activities of the employer over those responsible for the alleged wage and hour violations such that the "owner" may be deemed to have contributed to, and thus for purposes of the statute, "casue[d]" a violation. (Emphasis added.) (*Usher v. White* (2021) 64 Cal.App.5th 883, 896-97.)

   c. Here, the FAC fails to allege any specific or personal conduct by Mr. Pearce regarding the Defendants' alleged failure to pay Plaintiff overtime wages, minimum wages, or to provide meal and rest periods. (*See generally* FAC). Nor does the First Amended Complaint allege any specific or personal conduct by Mr. Pearce with regard to wage statement violations, failure to provide wages at termination, or his violation of Business and Professions Code § 17200 *et seq*. (*Id.*) Moreover, Mr. Pearce explicitly denies having any direct or personal involvement in the alleged violations. (Declaration of Dana Pearce ("Peace Decl.") attached as **Exhibit Y** at ¶¶ 3-4.)  Because the FAC fails to allege any personal wrongdoing by Mr. Pearce, there can be no liability against Mr. Pearce for Labor Code violations under Labor Code section 558.1. *Usher v. White* (2021) 64 Cal.App.5th 883, 896-97 citing  *Plaksin v. NewSight Reality, Inc.* (C.D.Cal., Apr. 30, 2019, No. 2:19-cv-00458-RGK-SS) 2019 WL 4316255, p. *4 [dismissing Labor Code claims against an individual defendant because "allegations pertain[ed] only to [his] role as a corporate officer," and included no "allegation of individual wrongdoing"].

  18. Based on the foregoing, Defendant asserts that Mr. Pearce is a sham defendant and that his state of citizenship should be disregard for diversity purposes.

  19. Plaintiff is a citizen of California. All other named Defendants are citizens of South Dakota and/or Michigan.  Thus, complete diversity exists as required under 28 U.S.C. § 1332(a).



**C. Amount in Controversy**

20. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is predicated upon diversity of citizenship jurisdiction must exceed $75,000, exclusive of interest and costs.

21. A defendant need only establish by a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional minimum. *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). In determining whether the jurisdictional minimum has been met, the Court should consider all recoverable damages, including compensatory damages, attorneys' fees, statutory penalties, and punitive damages. *See Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

22. The amount in controversy may be satisfied based on the allegations in the complaint. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a defendant may use the allegations in the complaint to establish the amount in controversy); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). A defendant may also provide "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as declarations. *Valdez*, 372 F.3d at 1117 (9th Cir. 2004) (internal quotations omitted); *Singer*, 116 F.3d at 374 ("defense counsel submitted declarations to show that the amount in controversy exceeded $50,000").

23. This is a disability discrimination and wrongful termination action in which Plaintiff is seeking economic damages, general damages (including emotional distress), attorneys' fees, and punitive damages. (*See* FAC at pp. 26-27.) If Plaintiff were to prevail at trial, he would be entitled to back pay, which is compensation in the amount he would have received but for the adverse employment action, less sums obtained through mitigation, through the date of trial. *Parker v. Twentieth Century-Fox Film Corp.,* 3 Cal. 3d 176, 181 (Cal. 1970). Plaintiff would also be

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4861-3113-6774.1 14

DEFENDANT THE SHYFT GROUP GTB, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

entitled to front pay, which provides compensation based on what Plaintiff would have earned from his employment after trial. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 564, 692 (Cal. 1988).

24. At the time Plaintiff's employment with Defendant allegedly ended in August 2020, he was working over 40 hours per week and earning $15.25 per hour. (Declaration of Debbie Hutchison (hereinafter "Hutchison Decl.") attached as "Exhibit Z" at ¶ 4.) He also consistently worked overtime throughout his employment. (Hutchison Decl., attached as "Exhibit Z", at ¶ 4.) Mr. Valdivia's W-2 statements for 2019 and 2020 reflect gross wages of $12,783.70 and $20,618.26, respectively. (Hutchison Decl., attached as "Exhibit Z", at ¶ 4.)

25. Attorneys' fees should also be considered part of the amount in controversy and would further increase any potential damages for backpay and/or emotional distress above the $75,000 threshold. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

26. Plaintiff also seeks punitive damages, which are included in determining the amount in controversy in a civil action. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages here would only further increase the amount in controversy above the $75,000 threshold for Plaintiff.

27. Accordingly, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL

28. Plaintiff served Defendant with the Summons and First Amended complaint in this matter on November 10, 2021. (Exhibit C.) Accordingly, this Notice of Removal is timely filed within 30 days after the date of the first receipt by Defendants of a summons and copy of the operative pleading setting forth the claims for relief upon which this action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (thirty-day

time period under removal statute begins to run from the date of formal service).

29. No Defendant has responded to the First Amended Complaint.

30. All properly served Defendants who have not joined in on this Notice have consented to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

31. If required, pursuant to 28 U.S.C. § 1446(b)(2)(A), Dana Pearce consents to removal. (Decl. of Pearce, attached as **Exhibit Y**, **at** ¶ 6.)

32. The Superior Court of California, County of Los Angeles, is located within the territorial jurisdiction of the United States District Court for the Central District of California. *See* 28 U.S.C. § 84. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

33. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of California, County of Los Angeles.

34. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

35. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over a person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant The Shyft Group GTB, LLC respectfully removes this action from the Superior Court of California, County of Los Angeles, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: December 10, 2021 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Natasha Covarrubias

John L. Barber
Natasha Covarrubias
Attorneys for UTILIMASTER CORPORATION; THE SHYFT GROUP USA, INC.; THE SHYFT GROUP, INC.; THE SHYFT GROUP GTB, LLC; SPARTAN MOTORS GTB, LLC; and DANA PEARCE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW