# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/27/2021 21STCV27465 M Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT GROUP USA, INC., a South Dakota corporation; DANA PEARCE, an individual; and DOES 1 through 100, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>FRANCISCO ROCHA VALDIVIA, an individual, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)* Stanley Mosk Courthouse<br>Los Angeles Superior Court - Central District<br>111 North Spring Street<br>Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):*<br>21STCV27465 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jasmin K. Gill, 515 South Flower Street, Suite 1800, Los Angeles, California 90071; (310) 728-2137

| DATE:<br>*(Fecha)* 07/27/2021 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by M. Barel , Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

[SEAL]

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1<br>
Code of Civil Procedure §§ 412.20, 465<br>
*www.courts.ca.gov*

19

21STCV27465

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Stern

Electronically FILED by Superior Court of California, County of Los Angeles on 07/27/2021 10:50 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**J. GILL LAW GROUP,**
*A Professional Corporation*
Jasmin K. Gill (SBN 315090)
*jasmin@jkgilllaw.com*
515 South Flower Street, Suite 1800
Los Angeles, California 90071
Tel: (310) 728-2137

Attorneys for Plaintiff,
FRANCISCO ROCHA VALDIVIA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| FRANCISCO ROCHA VALDIVIA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT GROUP USA, INC., a South Dakota corporation; DANA PEARCE, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 21STCV27465 <br><br> **COMPLAINT FOR:** <br> (1) **Disability Discrimination** (Govt. Code § 12900, *et seq.*); <br> (2) **Failure to Accommodate Disability** (Govt. Code § 12900, *et seq.*); <br> (3) **Failure to Engage in the Interactive Process** (Govt. Code § 12900, *et seq.*); <br> (4) **Retaliation**; (Govt. Code § 12900, *et seq.*); <br> (5) **Wrongful Termination** (Govt. Code § 12900, *et seq.*); <br> (6) **Wrongful Termination In Violation Of Public Policy**; <br> (7) **Failure to Provide Due Wages at Termination**; <br> (8) **Intentional Infliction of Emotional Distress**; and <br> (9) **Negligent Infliction of Emotional Distress.** <br><br> **DEMAND FOR JURY TRIAL** <br><br> [Amount in Controversy Exceeds $25,000] |

Law Offices of
J. GILL LAW GROUP
A Professional Corporation
515 South Flower Street, Ste. 1855
Los Angeles, CA 90071
(310) 728-2137

COMPLAINT

1   COMES NOW plaintiff FRANCISCO ROCHA VALDIVIA ("Mr. Valdivia" or

2   "Plaintiff"), as and for his Complaint, who complains and alleges as follows:

3   **PARTIES**

4   1.   Plaintiff Mr. Valdivia is, and at all times relevant hereto was, an individual residing

5   in the State of California.

6   2.   Mr. Valdivia was terminated from his employment because of his disabilities.  As a

7   result, Mr. Valdivia is entitled to protection under the California Department of Fair Employment

8   and Housing Act under Government Code section 12900, *et seq.* (hereinafter "FEHA") and

9   California common law.

10   3.   Plaintiff is informed and believes, and based thereon alleges, that defendant

11   UTILIMASTER CORPORATION ("Utilimaster") is, and at all times relevant hereto was, a

12   corporation duly organized, authorized, and licensed to do business in the State of Indiana.

13   Plaintiff is further informed and believes, and based thereon alleges, that Utilimaster is authorized

14   to, and does in fact, operate and do business in Los Angeles County, California, which is where all

15   of Plaintiff's causes of action arose.

16   4.   Plaintiff is informed and believes, and based thereon alleges, that defendant THE

17   SHYFT GROUP USA, INC. ("Shyft Group") is, and at all times relevant hereto was, a

18   corporation organized, authorized, and licensed to do business in the State of South Dakota.

19   Plaintiff is further informed and believes, and based thereon alleges, that Shyft Group is

20   authorized to, and does in fact, operate and do business in Los Angeles County, which is where all

21   of Plaintiff's causes of action arose.

22   5.   Plaintiff is informed and believes, and based thereon alleges, that defendant DANA

23   PEARCE ("Pearce") is, and at all times relevant hereto was, a resident of the County of Los

24   Angeles, State of California.  Plaintiff is further informed and believes, and based thereon alleges,

25   that at all relevant times, Pearce is and was a managing agent of Utilimaster and Shyft Group.

26   6.   The true names and capacities, whether individual, corporate, associate, or

27   otherwise, of the defendants sued herein as DOES 1 through 100, inclusive, are currently unknown

28   to Plaintiff, who therefore sues said defendants by such fictitious names pursuant to California

Code of Civil Procedure section 474.  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will amend this complaint to reflect the true names and capacities of the defendants designated herein as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged and that Plaintiff's damages were proximately caused by their conduct.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include Utilimaster, Shyft Group, and any of their subsidiaries or affiliated companies, Pearce, and DOES 1 through 100 identified herein

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7.     Plaintiff exhausted his administrative remedies by filing a complaint with the Department of Fair Employment and Housing ("DFEH") against Defendants and obtained the Notice of Right to Sue on July 27, 2021.

**JURISDICTION AND VENUE**

8.     Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

9.     Venue is proper in the County of Los Angeles, California pursuant to Code of Civil Procedure section 392, *et seq.* because, among other things, Los Angeles County is the county in which the unlawful practices herein alleged have been committed and the county where performance of the employment agreement, or part of it, between Plaintiff and Defendants, was due to be performed and was actually performed.  It is also the location where Defendants, or some of them, do business regularly.

10.    Plaintiff is informed and believes, and based thereon alleges, that the damages proximately caused by the violations of law by Defendants, as described herein, or the "amount in controversy," exceeds Twenty-Five Thousand Dollars ($25,000.00).

/ / /

/ / /

/ / /

**GENERAL FACTUAL ALLEGATIONS**

11.    Plaintiff is informed and believes, and based thereon alleges, that in or around July of 2019, Plaintiff began working as a Parts Handler for Defendants.  Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, he was qualified for and able to perform the essential duties of his position.

12.    Plaintiff is informed and believes, and based thereon alleges, that in or around July of 2020, he suffered from, among other things, back pain, body aches, and dizziness (the "Disabilities").  Plaintiff is further informed and believes, and based thereon alleges, that during July of 2020, Plaintiff reported his back pain to Defendants and asked if he could be accommodated with a cart with wheels so that instead of having to lift and carry heavy parts, Plaintiff could use the cart with wheels to move heavy parts and items.  Plaintiff is informed and believes, and based thereon alleges, that Defendants denied his request for the cart and refused to provide him with any alternative equipment to move heavier parts and items despite knowing that his back was experiencing pain.

13.    Plaintiff is informed and believes, and based thereon alleges, that on or around July 28, 2020, he began experiencing body aches.  Plaintiff is informed and believes, that on or around July 31, 2020, his body aches worsened and he also began suffering from dizziness while at work.  On that same date, Plaintiff reported his symptoms to Defendants and asked if he could be accommodated with the remainder of the day off to take a COVID-19 test.

14.    Plaintiff is informed and believes, and based thereon alleges, that on or around August 2, 2020, he tested positive for COVID-19.  Plaintiff is informed and believes, and based thereon alleges, that on that same date, he reported his COVID-19 test results to Defendants.  In response, Defendants advised Plaintiff not to come back to work until he tested negative for COVID-19.

15.    Plaintiff is informed and believes, and based thereon alleges, that Plaintiff then went home and quarantined through August 13, 2020, when he took another COVID-19 test, which came back negative.  Plaintiff is informed and believes, and based thereon alleges, that on that same date, after receiving his test results, Plaintiff informed Defendants of his negative

1    COVID-19 test.  Rather than allowing Plaintiff to return to work, however, Defendants terminated
2    his employment.

3        16.    Indeed, simultaneous to Plaintiff suffering from his Disabilities and as a direct
4    result of those Disabilities, on August 13, 2020, Defendants terminated his employment.  Plaintiff
5    is informed and believes, and based thereon alleges, that as a pretext for his termination, Plaintiff
6    was told by Defendants that he was being terminated because "work is slow."

7        17.    Plaintiff is informed and believes, and based thereon alleges, that he was
8    terminated despite having *done exactly as he was told* by Defendants (*i.e*., not to come back to
9    work until he tested negative for COVID-19).

10       18.    Plaintiff is informed and believes, and based thereon alleges, that although
11   Defendants could have engaged Plaintiff in an interactive process to determine whether they could
12   reasonably accommodate Plaintiff, Defendants could have reasonably accommodated Plaintiff,
13   and although Plaintiff could have performed the essential functions of his job with reasonable
14   accommodations, Defendants terminated Mr. Valdivia.

15                    **FIRST CAUSE OF ACTION**

16   **(Disability Discrimination—Govt. Code § 12900, *et seq*.—Against Utilimaster, Shyft Group,**
17                    **and DOES 1-100, inclusive)**

18       19.    Plaintiff realleges and incorporates by reference all of the allegations contained in
19   the preceding paragraphs of the Complaint as though fully set forth hereat.

20       20.    At all times herein mentioned, California's FEHA, Govt. Code § 12940, *et seq*.,
21   was in full force and effect and fully binding upon Defendants.  Plaintiff was and is a member of a
22   group protected by the statute, in particular, section 12940(a), prohibiting discrimination in
23   employment based on disability.

24       21.    As alleged herein, Plaintiff suffered from serious disabilities that limited at least
25   one of his major life activities.  Plaintiff was able to perform his essential job duties with
26   reasonable accommodations.  Defendants were well aware of Plaintiff's physical disabilities as
27   described herein.  Plaintiff is informed and believes, and based thereon alleges, that nevertheless,
28   and in direct violation of Government Code section 12940(a), Defendants, among other things,

refused to reasonably accommodate Plaintiff's physical disabilities and terminated Plaintiff immediately after he began suffering from his disabilities and as a direct result of those disabilities.  As a pretext for his termination, Plaintiff was told by Defendants that he was terminated because "work is slow."

22.    As a direct, foreseeable, legal and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered damages including, but not limited to, loss of wages in addition to other job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, as well as aggravation and/or exacerbation of his disabilities in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of Defendants' conduct as herein set forth, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in an amount to be proven at trial.

23.    Although Defendants knew about Plaintiff's disabilities as alleged herein, they oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety, engaged in the conduct, acts and/or omissions described herein.  As such, Defendants acted in a willful and intentional manner and their conduct, as herein described, was and continues to be despicable, malicious and outrageous in that it caused Plaintiff to needlessly suffer cruel and unjust hardship.  Therefore, Defendants' conduct, acts and/or omissions, as herein alleged, justify an award of punitive and exemplary damages in an amount sufficient to deter them from engaging in such conduct again in the future.  Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to Defendants from also behaving in the same manner as Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

(**Failure to Accommodate Disability—Govt. Code § 12900, *et seq.*—Against Utilimaster, Shyft Group, and DOES 1-100, inclusive**)

24.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

25.     As alleged herein, Plaintiff suffered from serious disabilities that limited at least one of his major life activities.  Plaintiff's disabilities were caused by and/or aggravated by his work-related activities and necessitated the need for reasonable accommodations so as to allow him to perform the essential duties of his employment with Defendants.  Defendants were well aware of Plaintiff's disabilities, as well as his need for accommodations, not only based on Plaintiff notifying Defendants of same, but also based on their own interactions with Plaintiff and/or observations of Plaintiff.

26.     Plaintiff is informed and believes, and based thereon alleges, that the reasonable accommodations necessitated by his disabilities were readily available and would not have created an undue hardship on Defendants; would not have adversely impacted the operations of Defendants' business; and would not have endangered the health and safety of anyone. Nevertheless, and in direct violation of Government Code section 12940(m), Defendants failed and refused to reasonably accommodate Plaintiff's disabilities, despite his need and request for such reasonable accommodations, and Defendants' knowledge of said need.

27.     As a direct, foreseeable, legal and proximate result of Defendants' failure and refusal to offer Plaintiff reasonable accommodations, Plaintiff has suffered damages including, but not limited to, loss of wages in addition to other job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, as well as aggravation and/or exacerbation of his disabilities in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of Defendants' conduct as herein set forth, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in an amount to be proven at trial.

/ / /

---

7
COMPLAINT

28.     Although Defendants knew about Plaintiff's need for reasonable accommodations, they oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety, failed and refused to offer him available accommodations that were reasonable.  As such, Defendants acted in a willful and intentional manner and their conduct, as herein described, was and continues to be despicable, malicious and outrageous in that it caused Plaintiff to needlessly suffer cruel and unjust hardship.  Therefore, Defendants' conduct, acts and/or omissions, as herein alleged, justify an award of punitive and exemplary damages in an amount sufficient to deter them from engaging in such conduct again in the future.  Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to Defendants from also behaving in the same manner as Defendants.

## THIRD CAUSE OF ACTION

**(Failure to Engage in the Interactive Process—Govt. Code § 12900, *et seq.*—Against Utilimaster, Shyft Group, and DOES 1-100, inclusive)**

29.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

30.     FEHA requires an employer who knows, or has reason to know, of an employee's disability, or regards an employee as disabled, to engage in a timely good faith interactive process to identify all available accommodations.  The interactive process is at the heart of FEHA and is essential to the accomplishment of its goals.  The interactive process mandates an employer to engage the employee in an open dialogue and good-faith exploration of all possible available accommodations, including other suitable job opportunities.  Government Code section 12940(n) makes an employer's failure to engage an employee with a known and/or perceived disability in a timely, good faith interactive process unlawful.

31.     Despite knowing of Plaintiff's actual and/or perceived disabilities and despite knowing of his need for reasonable accommodations, as herein alleged, Defendants failed to engage him in a timely, good faith interactive process to identify all available accommodations in violation of Government Code section 12940(n).  Had Defendants carried out their duty under FEHA, reasonable accommodations could have been identified, enabling him to continue

performing the essential functions of his job without Defendants' exacerbating and/or aggravating Plaintiff's disabilities and terminating him.

32.     As a direct, foreseeable, legal and proximate result of Defendants' failure to engage in a timely, good faith interactive process, Plaintiff has suffered damages including, but not limited to, loss of wages in addition to other job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, as well as aggravation and/or exacerbation of his disabilities in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of Defendants' illegal omissions, as herein alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in an amount to be proven at trial.

33.     Defendants knew about Plaintiff's disabilities and need for reasonable accommodations yet they oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety, failed to engage in the requisite interactive process.  As such, Defendants acted in a willful and intentional manner and their conduct, as herein described, was and continues to be despicable, malicious and outrageous in that it has caused Plaintiff to needlessly suffer cruel and unjust hardship.  Therefore, Defendants' conduct, acts and/or omissions, as herein alleged, justify an award of punitive and exemplary damages in an amount sufficient to deter them from ever engaging in such conduct again in the future.  Punitive and exemplary damages are further warranted to deter other employers from also behaving in the same manner as Defendants.

## FOURTH CAUSE OF ACTION

**(Retaliation—Govt. Code § 12900, *et seq.*—Against Utilimaster, Shyft Group, and DOES 1-100, inclusive)**

34.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

35.     At all times herein mentioned, California's FEHA was in full force and effect and fully binding upon Defendants.  Specifically, Government Code section 12940(h) makes it unlawful for an employer to retaliate against an employee for engaging in "protected activities"

1    and/or because of the employee's opposition to any practice forbidden under FEHA.

2        36.    Plaintiff engaged in a protective activity when he, among other things, asked to be

3    accommodated with a cart with wheels in July of 2020, asked to be accommodated the remainder

4    of the day off on July 31, 2020 due to his experiencing symptoms from his disabilities at work,

5    took time off to quarantine and seek treatment for his disabilities, and requested reasonable

6    accommodations in connection with his job duties for his disabilities as alleged herein.

7        37.    When Plaintiff sought reasonable accommodations for his and engaged in the

8    above-referenced protected activities, Defendants subjected him to adverse employment actions,

9    including, without limitation, discrimination on several grounds and termination of his

10   employment.

11       38.    As a direct, foreseeable, legal and proximate result of Defendants' retaliatory

12   conduct, acts, and/or omissions, as herein alleged, Plaintiff suffered substantial and tangible loss

13   of job benefits, as well as humiliation, embarrassment, mental and emotional distress and

14   discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable,

15   legal and proximate result of defendants' retaliatory conduct, acts, or omissions, as herein alleged,

16   Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and

17   costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in

18   an amount to be proven at trial.

19       39.    Furthermore, Defendants committed the retaliatory conduct, acts and/or omissions

20   described and alleged herein, deliberately, intentionally, oppressively, fraudulently, maliciously

21   and in conscious disregard for Plaintiff's rights and safety.  As such, Defendants acted in a willful

22   and intentional manner and their conduct, as herein set forth, was and continues to be despicable,

23   malicious and outrageous in that it caused Plaintiff to needlessly suffer cruel and unjust hardship.

24   Therefore, Defendants' retaliatory conduct, acts and/or omissions, as herein alleged, justifies an

25   award of punitive and exemplary damages in an amount sufficient to deter them from ever

26   engaging in such conduct again in the future.   Punitive and exemplary damages are further

27   warranted to deter other employers who are similarly situated to Defendants from also behaving in

28   the same manner as Defendants.

10
COMPLAINT

**FIFTH CAUSE OF ACTION**

(**Wrongful Termination—Govt. Code § 12900,** *et seq.***—Against Utilimaster, Shyft Group, and DOES 1-100, inclusive**)

40.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

41.     Government Code section 12920 identifies the policy of this State to be the protection and safeguarding of the right and opportunity of all persons to seek, obtain and hold employment without discrimination on the basis of their disabilities, disability-related activities, complaints against unlawful employment practices, age, race and/or national origin.  Therefore, by terminating Plaintiff's employment in the manner herein alleged, Defendants violated the fundamental public policies of this State codified by Government Code section 12920.

42.     As a direct, foreseeable, legal and proximate result of Defendants' illegal conduct, acts, and/or omissions, as herein alleged, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of said retaliatory and discriminatory conduct, acts, and/or omissions, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in an amount to be proven at trial.

43.     Furthermore, Defendants committed the illegal acts and/or omissions described herein deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety.  As such, Defendants acted in a willful and intentional manner and their conduct continues to be despicable, malicious and outrageous in that it has caused and continues to cause Plaintiff to needlessly suffer cruel and unjust hardship.  Therefore, Defendants' conduct, as herein alleged, justifies an award of punitive and exemplary damages in an amount sufficient to deter them from ever engaging in such conduct again in the future. Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to Defendants from also behaving in the same manner as Defendants.

11
COMPLAINT

**SIXTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy – Against Utilimaster, Shyft Group, and DOES 1-100, inclusive)**

44.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

45.      It is the public policy of the State of California—as expressed in the California Fair Employment and Housing Act (Government Code section 12920) and the California Constitution, Article I, Section 8—to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination on the basis of their disability or perceived disability.   Therefore, by terminating Plaintiff's employment in the manner herein alleged, Defendants violated fundamental public policies of this State.

46.      As a direct, foreseeable, legal and proximate result of Defendants' illegal conduct, acts, and/or omissions, as herein alleged, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.   As a further direct, foreseeable, legal and proximate result of said retaliatory and discriminatory conduct, acts, and/or omissions, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in an amount to be proven at trial.

47.      Furthermore, Defendants, as herein alleged, committed the illegal acts and/or omissions described herein deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety.   As such, Defendants acted in a willful and intentional manner and their conduct continues to be despicable, malicious and outrageous in that it has caused and continues to cause Plaintiff to needlessly suffer cruel and unjust hardship. Therefore, Defendants' conduct, as herein alleged, justifies an award of punitive and exemplary damages in an amount sufficient to deter them from ever engaging in such conduct again in the future.   Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to Defendants from also behaving in the same manner as Defendants.

**SEVENTH CAUSE OF ACTION**

**(Failure to Provide Due Wages at Termination – Against All Defendants)**

48.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

49.     At all relevant times, Plaintiff was an employee of Defendants covered by Labor Code sections 201 and 202.

50.     California Labor Code sections 201 and 202 require Defendants to pay all of an employee's wages immediately upon termination of employment.   Labor Code section 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced.   The penalty cannot exceed 30 days of wages.

51.     Defendants failed to pay Plaintiff all wages earned and unpaid prior to termination in accordance with Labor Code sections 201 or 202.   Plaintiff is informed and believes, and based thereon alleges that Defendants did not pay upon termination, the wages owed to Plaintiff as a consequence of, among other things, failing to pay Plaintiff for all work performed during his last month of employment with Defendants.

52.     Defendants' failure to pay Plaintiff all wages earned prior to his termination in accordance with Labor Code sections 201 and 202 was willful.   Defendants had the ability to pay all wages earned by Plaintiff at the time of his termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202.

53.     As alleged above and below, Plaintiff is entitled to compensation for wages earned, but to date has not received such compensation.

54.     Pursuant to Labor Code section 203, Plaintiff is entitled to penalty wages from the date his earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days.

/ / /

/ / /

55.     As a result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount subject to proof, to the extent he was not paid for all wages earned prior to termination.

56.     As a result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount subject to proof, to the extent he was not paid all penalty wages owed under Labor Code section 203.

57.     As a consequence of Defendants' willful conduct in not paying all wages owed and earned, Plaintiff is entitled to thirty (30) days wages as a penalty under Labor Code section 203, together with interest thereon and attorneys' fees and costs pursuant to Labor Code sections 218.5 and 1194, and Civil Code section 3287.

**EIGHTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress – Against All Defendants)**

58.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

59.     Defendants abused their protections of authority and engaged in the above-alleged conduct to intentionally inflict mental anguish, humiliation and emotional and physical distress upon Plaintiff.  Defendants were aware of the severe consequences of their conduct and willfully and deliberately took the actions alleged with malice, oppression or conscious disregard to intentionally harm Plaintiff.

60.     Defendants' conduct as alleged herein exceeded all bounds of decency in a civilized society, and constituted discrimination against Plaintiff and was, as a result, outrageous, intentional, malicious and done for the purpose of causing Plaintiff to suffer extreme and severe harm and emotional distress, which had a severe and traumatic effect on Plaintiff and as a direct and proximate result of which Plaintiff suffered severe emotional distress including, but not limited to, anguish, nervousness, insomnia, grief, anxiety, shock, humiliation, isolation and depression.

/ / /

/ / /

/ / /

**NINTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress – Against All Defendants)**

61.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

62.     Defendants owed Plaintiff a duty of care not to engage in the conduct they undertook towards Plaintiff and as alleged herein.

63.     Defendants, by virtue of the conduct in which they engaged towards Plaintiff, breached their duty of care towards Plaintiff.

64.     The breaches and duties of care owed to Plaintiff by Defendants constitute negligence on the part of Defendants.

65.     As a direct, foreseeable, legal and proximate result of Defendants' illegal conduct, acts, and/or omissions, as herein alleged, Plaintiff has suffered and continues to suffer, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.

**REQUEST FOR A JURY TRIAL**

66.     Plaintiff prays for a trial by jury.

**PRAYER**

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

1.     For economic and non-economic damages, including but not limited to: unpaid wages, lost salary, both front and back pay, bonuses, commissions, benefits, (past, present and future) emotional distress, and any other benefits to which Plaintiff would have been entitled by reason of his employment with Defendants, according to proof;

2.     Punitive and exemplary damages against Defendants;

3.     For all wages earned and owed;

4.     Statutory penalties, according to proof;

5.     Civil penalties, according to proof;

6.     Damages for unpaid penalties under Labor Code section 203;

7.     Waiting time penalties under Labor Code section 203;

15
COMPLAINT

8.      Preliminary and permanent injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

9.      Restitution under Business and Professions Code section 17203;

10.     For prejudgment and post-judgment interest at the maximum rate allowed by law;

11.     For reasonable attorneys' fees;

12.     For costs of suit incurred herein; and

13.     For such other and further relief as the Court deems just and proper.

Dated: July 27, 2021                    J. GILL LAW GROUP, P.C.


                                        BY: _____
                                        JASMIN K. GILL
                                        Attorneys for Plaintiff FRANCISCO ROCHA
                                        VALDIVIA

16
COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 21STCV27465 | FOR COURT USE ONLY |
|---|---|
| J. GILL LAW GROUP, P.C.<br>Jasmin K. Gill (Cal. Bar No. 315090)<br>515 South Flower Street, Suite 1800<br>Los Angeles, California 90071<br>     TELEPHONE NO.: (310) 728-2137        FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF, FRANCISCO ROCHA VALDIVIA | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Francisco Rocha Valdivia vs. Utilimaster Corporation, et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited**<br>(Amount demanded exceeds $25,000) | [ ] **Limited**<br>(Amount demanded is $25,000) | [ ] Counter   [ ] Joiner<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV27465 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4.  Number of causes of action *(specify):* Nine (9)
5.  This case [ ] is  [✓] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:   July 27, 2021

Jasmin K. Gill, Esq.
_____
(TYPE OR PRINT NAME)                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                 **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: Valdivia v. Utilimaster Corporation, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| **Applicable Reasons for Choosing Court Filing Location (Column C)** |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

38

| SHORT TITLE: VALDIVIA vs. UTILIMASTER CORPORATION, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Valdivia v. Utilimaster Corporation, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Valdivia v. Utilimaster Corporation, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ✔ 2. ✔ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ✔ 11. | ADDRESS: 1130 S. Vail Ave. |
|---|---|

| CITY: Montebello | STATE: CA | ZIP CODE: 90640 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 07/27/2021 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

41

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 10/14/2021 05:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk
21STCV27465

**SUM-100**

# SUMMONS ON FIRST AMENDED COMPLAINT
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT GROUP USA, INC., a South Dakota corporation;
THE SHYFT GROUP, INC., a Michigan corporation; THE SHYFT GROUP GTB, LLC, a Michigan limited liability company;
SPARTAN MOTORS GTB, LLC, a Michigan limited liability company; DANA PEARCE, an individual; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRANCISCO ROCHA VALDIVIA, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>Los Angeles Superior Court - Central District<br>111 North Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):*<br><br>**21STCV27465** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jasmin K. Gill, 515 S. Flower St., Suite 1800, Los Angeles, CA 90071; (310) 728-2137

| DATE: 10/14/2021 | Sherri R. Carter Executive Officer/Clerk of Court | Clerk, by M. Mariano | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]    [ Save this form ]       [ Clear this form ]

1 | **J. GILL LAW GROUP,**
*A Professional Corporation*
2 | Jasmin K. Gill (SBN 315090)
*jasmin@jkgilllaw.com*
3 | 515 South Flower Street, Suite 1800
Los Angeles, California 90071
4 | Tel: (310) 728-2137

5 | Attorneys for Plaintiff,
FRANCISCO ROCHA VALDIVIA

6

7

**FILED**
Superior Court of California
County of Los Angeles

**10/14/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ J. Arceo _____ Deputy

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11 | FRANCISCO ROCHA VALDIVIA, an individual,

12

13 | Plaintiff,

14 | v.

15 | UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT GROUP USA,
16 | INC., a South Dakota corporation; THE SHYFT GROUP, INC., a Michigan
17 | corporation; THE SHYFT GROUP GTB, LLC, a Michigan limited liability company;
18 | SPARTAN MOTORS GTB, LLC, a Michigan limited liability company; DANA PEARCE,
19 | an individual; and DOES 1 through 100, inclusive,
20
21 | Defendants.

CASE NO.: 21STCV27465

**FIRST AMENDED COMPLAINT FOR:**

(1) **Disability Discrimination** (Govt. Code § 12900, *et seq.*);
(2) **Failure to Accommodate Disability** (Govt. Code § 12900, *et seq.*);
(3) **Failure to Engage in the Interactive Process** (Govt. Code § 12900, *et seq.*);
(4) **Retaliation**; (Govt. Code § 12900, *et seq.*);
(5) **Wrongful Termination** (Govt. Code § 12900, *et seq.*);
(6) **Wrongful Termination In Violation Of Public Policy**;
(7) **Failure to Pay Overtime Wages**;
(8) **Failure to Pay Minimum Wages**;
(9) **Failure to Provide Meal Periods or Compensation in Lieu Thereof**;
(10) **Failure to Provide Rest Periods or Compensation in Lieu Thereof**;
(11) **Wage Statement Violations**;
(12) **Failure to Provide Due Wages at Termination**;
(13) **Violation of Labor Code § 2802**; and
(14) **Violation of Business and Professions Code § 17200**, *et seq.*.

**DEMAND FOR JURY TRIAL**
[Amount in Controversy Exceeds $25,000]

22

23

24

25

26

27 | COMES NOW plaintiff FRANCISCO ROCHA VALDIVIA ("Mr. Valdivia" or

28 | "Plaintiff"), as and for his First Amended Complaint, who complains and alleges as follows:

Law Offices of
J. GILL LAW GROUP
A Professional Corporation
515 South Flower Street, Ste. 1800
Los Angeles, CA 90071
(310) 728-2137

FIRST AMENDED COMPLAINT

Electronically Received 10/14/2021 05:37 PM

**PARTIES**

1.     Plaintiff Mr. Valdivia is, and at all times relevant hereto was, an individual residing in the State of California.

2.     Plaintiff, at all times pertinent hereto, was a non-exempt employee within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

3.     Mr. Valdivia was terminated from his employment because of his disabilities and for engaging in protected activities.  As a result, Mr. Valdivia is entitled to protection under the California Department of Fair Employment and Housing Act under Government Code section 12900, *et seq.* (hereinafter "FEHA") and California common law.

4.     Plaintiff is informed and believes, and based thereon alleges, that defendant UTILIMASTER CORPORATION ("Utilimaster") is, and at all times relevant hereto was, a corporation duly organized, authorized, and licensed to do business in the State of Indiana. Plaintiff is further informed and believes, and based thereon alleges, that Utilimaster is authorized to, and does in fact, operate and do business in Los Angeles County, California, which is where all of Plaintiff's causes of action arose.

5.     Plaintiff is informed and believes, and based thereon alleges, that defendant THE SHYFT GROUP USA, INC. ("Shyft Group USA") is, and at all times relevant hereto was, a corporation organized, authorized, and licensed to do business in the State of South Dakota. Plaintiff is further informed and believes, and based thereon alleges, that Shyft Group USA is authorized to, and does in fact, operate and do business in Los Angeles County, which is where all of Plaintiff's causes of action arose.

6.     Plaintiff is informed and believes, and based thereon alleges, that defendant THE SHYFT GROUP, INC. ("Shyft Group") is, and at all times relevant hereto was, a corporation organized, authorized, and licensed to do business in the State of Michigan.  Plaintiff is further informed and believes, and based thereon alleges, that Shyft Group is authorized to, and does in fact, operate and do business in Los Angeles County, which is where all of Plaintiff's causes of action arose.

7.     Plaintiff is informed and believes, and based thereon alleges, that defendant THE SHYFT GROUP GTB, LLC ("Shyft Group LLC") is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Michigan.  Plaintiff is further informed and believes, and based thereon alleges, that Shyft Group LLC is, and at all times relevant hereto was, authorized to and operating and doing business in Los Angeles County, State of California, which is where all of Plaintiff's causes of action arose.

8.     Plaintiff is informed and believes, and based thereon alleges, that defendant SPARTAN MOTORS GTB, LLC ("Spartan Motors") is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Michigan.  Plaintiff is further informed and believes, and based thereon alleges, that Shyft Group LLC is, and at all times relevant hereto was, authorized to and operating and doing business in Los Angeles County, State of California, which is where all of Plaintiff's causes of action arose.

9.     Plaintiff is informed and believes, and based thereon alleges, that defendant DANA PEARCE ("Pearce") is, and at all times relevant hereto was, a resident of the County of Los Angeles, State of California.  Plaintiff is further informed and believes, and based thereon alleges, that at all relevant times, Pearce is and was a managing agent of Utilimaster, Shyft Group USA, Shyft Group, Shyft Group LLC, and Spartan Motors.

10.    At all times relevant herein, Defendants were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and applicable Wage Orders, and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code §§ 558 and 558.1, and liable to Plaintiff on that basis.

11.    The true names and capacities, whether individual, corporate, limited liability, associate, or otherwise, of the defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues said defendants by such fictitious names pursuant to California Code of Civil Procedure section 474.  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will amend this complaint to reflect the true names and capacities of the defendants designated herein as DOES when such

identities become known. Plaintiff is informed and believes, and based thereon alleges, that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged and that Plaintiff's damages were proximately caused by their conduct.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each join defendant are legally attributable to the other defendants.  As employers of Plaintiff, Defendants, and each of them, are either solely, or jointly and severally liable for the damages alleged in Plaintiff's operative Complaint. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include Utilimaster, Shyft Group USA, Shyft Group, Shyft Group LLC, Spartan Motors and any of their subsidiaries or affiliated companies, Pearce, and DOES 1 through 100 identified herein

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.    Plaintiff exhausted his administrative remedies by filing a complaint with the Department of Fair Employment and Housing ("DFEH") against Defendants and obtained the Notice of Right to Sue on July 27, 2021 and an Amended Notice of Right to Sue on October 14, 2021.

**JURISDICTION AND VENUE**

13.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

14.    Venue is proper in the County of Los Angeles, California pursuant to Code of Civil Procedure section 392, *et seq*. because, among other things, Los Angeles County is the county in which the unlawful practices herein alleged have been committed and the county where performance of the employment agreement, or part of it, between Plaintiff and Defendants, was due to be performed and was actually performed.  It is also the location where Defendants, or some of them, do business regularly.

15.    Plaintiff is informed and believes, and based thereon alleges, that the damages proximately caused by the violations of law by Defendants, as described herein, or the "amount in controversy," exceeds Twenty-Five Thousand Dollars ($25,000.00).

**GENERAL FACTUAL ALLEGATIONS**

16.     Plaintiff is informed and believes, and based thereon alleges, that in or around July of 2019, Plaintiff began working as a Parts Handler for Defendants.  Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, he was qualified for and able to perform the essential duties of his position.

17.     Plaintiff is informed and believes, and based thereon alleges, that in or around July of 2020, he suffered from, among other things, back pain, body aches, and dizziness from a back injury and from contracting COVID-19 (the "Disabilities").  Plaintiff is further informed and believes, and based thereon alleges, that during July of 2020, Plaintiff reported his back pain to Defendants and asked if he could be accommodated with a cart with wheels for himself in the Parts Department so that instead of having to lift and carry heavy parts, Plaintiff could use the cart with wheels to move heavy parts and items.  Plaintiff is informed and believes, and based thereon alleges, that despite allowing those in the warehouse department to have their own carts, Defendants denied his request for the cart and refused to provide him with any alternative equipment to move heavier parts and items despite knowing that his back was experiencing pain.

18.     Indeed, rather than providing him with a cart that he could regularly use without further injuring himself or meeting with Plaintiff to determine an effective alternative accommodation for his back injury, Fernando Zavala of Human Resources (one of Plaintiff's supervisors) advised Mr. Valdivia that Defendants, including Pearce, denied the request. Defendants' failure to accommodate and refusal to provide any other alternatives exacerbated Plaintiff's back injury.

19.     Plaintiff is informed and believes, and based thereon alleges, that on or around July 28, 2020, he began experiencing body aches.  Plaintiff is informed and believes, that on or around July 31, 2020, his body aches worsened and he also began suffering from dizziness while at work. On that same date, Plaintiff reported his symptoms to Defendants and asked if he could be accommodated with the remainder of the day off to take a COVID-19 test.

/ / /

/ / /

20.     Plaintiff is informed and believes, and based thereon alleges, that on or around August 2, 2020, he tested positive for COVID-19.  Plaintiff is informed and believes, and based thereon alleges, that on that same date, he reported his COVID-19 test results to Defendants.  In response, Defendants advised Plaintiff not to come back to work until he tested negative for COVID-19.

21.     Plaintiff is informed and believes, and based thereon alleges, that Plaintiff then went home and quarantined through August 13, 2020, when he took another COVID-19 test, which came back negative.  Plaintiff is informed and believes, and based thereon alleges, that on that same date, after receiving his test results, Plaintiff informed Defendants of his negative COVID-19 test.  Rather than allowing Plaintiff to return to work, however, Defendants terminated his employment.

22.     Indeed, simultaneous to Plaintiff suffering from his Disabilities and as a direct result of those Disabilities, on August 13, 2020, Defendants terminated his employment.  Plaintiff is informed and believes, and based thereon alleges, that as a pretext for his termination, Plaintiff was told by Defendants that he was being terminated because "work is slow."  After terminating Plaintiff's employment, Defendants indicated that Plaintiff's final paycheck would be with security.  However, when Plaintiff showed up to try and retrieve his paycheck, Defendants unlawfully required that Plaintiff sign a letter *falsely* indicating that he was "voluntarily resigning" in exchange for the release of his final paycheck.  Plaintiff refused as he could not sign such a false statement.

23.     Plaintiff is informed and believes, and based thereon alleges, that he was terminated despite having *done exactly as he was told* by Defendants (*i.e.*, not to come back to work until he tested negative for COVID-19).

24.     Plaintiff is informed and believes, and based thereon alleges, that although Defendants could have engaged Plaintiff in an interactive process to determine whether they could reasonably accommodate Plaintiff, Defendants could have reasonably accommodated Plaintiff, and although Plaintiff could have performed the essential functions of his job with reasonable accommodations, Defendants terminated Mr. Valdivia.

6
FIRST AMENDED COMPLAINT

**WAGE-AND-HOUR ALLEGATIONS**

25.    Plaintiff is informed and believes, and based thereon alleges, that throughout his employment, Defendants failed to pay Plaintiff all overtime wages due, as a result of, among other things, Defendants' failing to accurately track and pay for all minutes and hours actually worked; engaging, suffering, or permitting Plaintiff to work off the clock, including, without limitation, by requiring Plaintiff to perform work duties during his meal periods; detrimental rounding of time worked; deducting or auto-deducting time worked; and editing and/or manipulating time entries, records and/or time worked to show less hours worked than actually worked.

26.    Plaintiff is informed and believes, and based thereon alleges, that throughout his employment, Defendants failed to pay Plaintiff at the regular rate of pay for all minimum wages due, as a result of, among other things, failing to accurately track and pay for all minutes and hours actually worked; engaging, suffering, or permitting Plaintiff to work off the clock, including, without limitation, by requiring Plaintiff to perform work duties during his meal periods; detrimental rounding of time worked; deducting or auto-deducting time worked; and editing and/or manipulating time entries, records and/or time worked to show less hours worked than actually worked.

27.    Plaintiff is informed and believes, and based thereon alleges, that throughout his employment, Defendants failed to provide Plaintiff with timely thirty (30) minute uninterrupted and complete meal periods for days on which he worked more than five (5) hours in a work day and a second timely thirty (30) minute uninterrupted meal period for days on which he worked in excess of ten (10) hours in a work day, and failed to provide compensation for such unprovided meal periods as required by California wage and hour laws including, without limitation: by interrupting meal periods; not providing timely meal periods; providing short meal periods; requiring that Plaintiff perform work duties during his meal periods; and/or otherwise requiring on-duty/on-call meal periods.

/ / /

/ / /

/ / /

7

FIRST AMENDED COMPLAINT

28.     Plaintiff is informed and believes, and based thereon alleges, that throughout his employment, Defendants failed to provide Plaintiff with paid, uninterrupted, timely and complete rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

29.     Plaintiff is informed and believes, and based thereon alleges, that throughout his employment, Defendants failed to furnish Plaintiff with any itemized wage statements whatsoever, including anything at all that reflected, among other things, applicable rates of pay per workweek, including for regular and overtime hours worked, all time worked at each rate of pay, calculation of net and gross wages earned, or otherwise, as required by California wage and hour laws.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to pay Plaintiff the full amount of his wages owed to him upon termination or resignation as required by Labor Code sections 201 and 202.

31.     Plaintiff is informed and believes, and based thereon alleges, that throughout his employment, Defendants failed to indemnify or reimburse Plaintiff for the out-of-pocket expenses and costs incurred in furtherance of his work duties, including but not limited to, the costs incurred by Plaintiff for the laundering of mandatory work uniforms and purchase of safety equipment, including, without limitation, steel-toe boots, all required by and in furtherance of his work duties.

32.     Plaintiff brings this action pursuant to, including but not limited to, the California Government Code as well as Labor Code sections 200, 201, 202, 203, 226, 226.7, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, *et al.*, and applicable California Code of Regulations sections and wage orders, seeking, *inter alia*, unpaid overtime and minimum wages, premium wages for non-compliant meal and rest periods, unpaid reimbursements for costs incurred in furtherance of work duties, penalties, interest thereon, and reasonable attorneys' fees and costs.

33.     Plaintiff further brings this action pursuant to California Business and Professions Code sections 17200 through 17208, and seeks all monies owed but withheld and retained by Defendants to which Plaintiff is entitled.

/ / /

---

8
FIRST AMENDED COMPLAINT

**FIRST CAUSE OF ACTION**

**(Disability Discrimination—Govt. Code § 12900, *et seq.*—Against Utilimaster, Shyft Group USA, Shyft Group, Shyft Group LLC, Spartan Motors, and DOES 1-100, inclusive)**

34.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

35.     At all times herein mentioned, California's FEHA, Govt. Code § 12940, *et seq.*, was in full force and effect and fully binding upon Defendants.  Plaintiff was and is a member of a group protected by the statute, in particular, section 12940(a), prohibiting discrimination in employment based on disability.

36.     As alleged herein, Plaintiff suffered from serious disabilities that limited at least one of his major life activities.  Plaintiff was able to perform his essential job duties with reasonable accommodations.  Defendants were well aware of Plaintiff's physical disabilities as described herein.  Plaintiff is informed and believes, and based thereon alleges, that nevertheless, and in direct violation of Government Code section 12940(a), Defendants, among other things, refused to reasonably accommodate Plaintiff's physical disabilities and terminated Plaintiff immediately after he began suffering from his disabilities and as a direct result of those disabilities.  As a pretext for his termination, Plaintiff was told by Defendants that he was terminated because "work is slow."

37.     As a direct, foreseeable, legal and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered damages including, but not limited to, loss of wages in addition to other job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, as well as aggravation and/or exacerbation of his disabilities in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of Defendants' conduct as herein set forth, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in an amount to be proven at trial.

38.     Although Defendants knew about Plaintiff's disabilities as alleged herein, they oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety,

9
FIRST AMENDED COMPLAINT

1   engaged in the conduct, acts and/or omissions described herein.  As such, Defendants acted in a
2   willful and intentional manner and their conduct, as herein described, was and continues to be
3   despicable, malicious and outrageous in that it caused Plaintiff to needlessly suffer cruel and
4   unjust hardship.  Therefore, Defendants' conduct, acts and/or omissions, as herein alleged, justify
5   an award of punitive and exemplary damages in an amount sufficient to deter them from engaging
6   in such conduct again in the future.  Punitive and exemplary damages are further warranted to
7   deter other employers who are similarly situated to Defendants from also behaving in the same
8   manner as Defendants.

9   **SECOND CAUSE OF ACTION**

10  **(Failure to Accommodate Disability—Govt. Code § 12900, *et seq.*—Against Utilimaster,**
11  **Shyft Group USA, Shyft Group, Shyft Group LLC, Spartan Motors, and DOES 1-100,**
12  **inclusive)**

13  39.   Plaintiff realleges and incorporates by reference all of the allegations contained in
14  the preceding paragraphs of the Complaint as though fully set forth hereat.

15  40.   As alleged herein, Plaintiff suffered from serious disabilities that limited at least
16  one of his major life activities.  Plaintiff's disabilities were caused by and/or aggravated by his
17  work-related activities and necessitated the need for reasonable accommodations so as to allow
18  him to perform the essential duties of his employment with Defendants.  Defendants were well
19  aware of Plaintiff's disabilities, as well as his need for accommodations, not only based on
20  Plaintiff notifying Defendants of same, but also based on their own interactions with Plaintiff
21  and/or observations of Plaintiff.

22  41.   Plaintiff is informed and believes, and based thereon alleges, that the reasonable
23  accommodations necessitated by his disabilities were readily available and would not have created
24  an undue hardship on Defendants; would not have adversely impacted the operations of
25  Defendants' business; and would not have endangered the health and safety of anyone.
26  Nevertheless, and in direct violation of Government Code section 12940(m), Defendants failed
27  and refused to reasonably accommodate Plaintiff's disabilities, despite his need and request for
28  such reasonable accommodations, and Defendants' knowledge of said need.

42.     As a direct, foreseeable, legal and proximate result of Defendants' failure and refusal to offer Plaintiff reasonable accommodations, Plaintiff has suffered damages including, but not limited to, loss of wages in addition to other job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, as well as aggravation and/or exacerbation of his disabilities in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of Defendants' conduct as herein set forth, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in an amount to be proven at trial.

43.     Although Defendants knew about Plaintiff's need for reasonable accommodations, they oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety, failed and refused to offer him available accommodations that were reasonable.  As such, Defendants acted in a willful and intentional manner and their conduct, as herein described, was and continues to be despicable, malicious and outrageous in that it caused Plaintiff to needlessly suffer cruel and unjust hardship.  Therefore, Defendants' conduct, acts and/or omissions, as herein alleged, justify an award of punitive and exemplary damages in an amount sufficient to deter them from engaging in such conduct again in the future.  Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to Defendants from also behaving in the same manner as Defendants.

## THIRD CAUSE OF ACTION

(**Failure to Engage in the Interactive Process—Govt. Code § 12900, *et seq.*—Against Utilimaster, Shyft Group USA, Shyft Group, Shyft Group LLC, Spartan Motors, and DOES 1-100, inclusive**)

44.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

45.     FEHA requires an employer who knows, or has reason to know, of an employee's disability, or regards an employee as disabled, to engage in a timely good faith interactive process to identify all available accommodations.  The interactive process is at the heart of FEHA and is essential to the accomplishment of its goals.  The interactive process mandates an employer to

engage the employee in an open dialogue and good-faith exploration of all possible available accommodations, including other suitable job opportunities.  Government Code section 12940(n) makes an employer's failure to engage an employee with a known and/or perceived disability in a timely, good faith interactive process unlawful.

46.     Despite knowing of Plaintiff's actual and/or perceived disabilities and despite knowing of his need for reasonable accommodations, as herein alleged, Defendants failed to engage him in a timely, good faith interactive process to identify all available accommodations in violation of Government Code section 12940(n).  Had Defendants carried out their duty under FEHA, reasonable accommodations could have been identified, enabling him to continue performing the essential functions of his job without Defendants' exacerbating and/or aggravating Plaintiff's disabilities and terminating him.

47.     As a direct, foreseeable, legal and proximate result of Defendants' failure to engage in a timely, good faith interactive process, Plaintiff has suffered damages including, but not limited to, loss of wages in addition to other job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, as well as aggravation and/or exacerbation of his disabilities in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of Defendants' illegal omissions, as herein alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in an amount to be proven at trial.

48.     Defendants knew about Plaintiff's disabilities and need for reasonable accommodations yet they oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety, failed to engage in the requisite interactive process.  As such, Defendants acted in a willful and intentional manner and their conduct, as herein described, was and continues to be despicable, malicious and outrageous in that it has caused Plaintiff to needlessly suffer cruel and unjust hardship.  Therefore, Defendants' conduct, acts and/or omissions, as herein alleged, justify an award of punitive and exemplary damages in an amount sufficient to deter them from ever engaging in such conduct again in the future.  Punitive and exemplary damages are further warranted to deter other employers from also behaving in the same

1  manner as Defendants.

2  <u>**FOURTH CAUSE OF ACTION**</u>

3  (**Retaliation—Govt. Code § 12900, *et seq.*—Against Utilimaster, Shyft Group USA, Shyft**

4  **Group, Shyft Group LLC, Spartan Motors, and DOES 1-100, inclusive**)

5  49.    Plaintiff realleges and incorporates by reference all of the allegations contained in

6  the preceding paragraphs of the Complaint as though fully set forth hereat.

7  50.    At all times herein mentioned, California's FEHA was in full force and effect and

8  fully binding upon Defendants.  Specifically, Government Code section 12940(h) makes it

9  unlawful for an employer to retaliate against an employee for engaging in "protected activities"

10  and/or because of the employee's opposition to any practice forbidden under FEHA.

11  51.    Plaintiff engaged in a protective activity when he, among other things, asked to be

12  accommodated with a cart with wheels in July of 2020, asked to be accommodated the remainder

13  of the day off on July 31, 2020 due to his experiencing symptoms from his disabilities at work,

14  took time off to quarantine and seek treatment for his disabilities, and requested reasonable

15  accommodations in connection with his job duties for his disabilities as alleged herein.

16  52.    When Plaintiff sought reasonable accommodations for his and engaged in the

17  above-referenced protected activities, Defendants subjected him to adverse employment actions,

18  including, without limitation, discrimination on several grounds and termination of his

19  employment.

20  53.    As a direct, foreseeable, legal and proximate result of Defendants' retaliatory

21  conduct, acts, and/or omissions, as herein alleged, Plaintiff suffered substantial and tangible loss

22  of job benefits, as well as humiliation, embarrassment, mental and emotional distress and

23  discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable,

24  legal and proximate result of defendants' retaliatory conduct, acts, or omissions, as herein alleged,

25  Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and

26  costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in

27  an amount to be proven at trial.

28  / / /

54.     Furthermore, Defendants committed the retaliatory conduct, acts and/or omissions described and alleged herein, deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety.  As such, Defendants acted in a willful and intentional manner and their conduct, as herein set forth, was and continues to be despicable, malicious and outrageous in that it caused Plaintiff to needlessly suffer cruel and unjust hardship. Therefore, Defendants' retaliatory conduct, acts and/or omissions, as herein alleged, justifies an award of punitive and exemplary damages in an amount sufficient to deter them from ever engaging in such conduct again in the future.  Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to Defendants from also behaving in the same manner as Defendants.

## FIFTH CAUSE OF ACTION

**(Wrongful Termination—Govt. Code § 12900, *et seq.*—Against Utilimaster, Shyft Group USA, Shyft Group, Shyft Group LLC, Spartan Motors, and DOES 1-100, inclusive)**

55.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

56.     Government Code section 12920 identifies the policy of this State to be the protection and safeguarding of the right and opportunity of all persons to seek, obtain and hold employment without discrimination on the basis of their disabilities, disability-related activities, complaints against unlawful employment practices, age, race and/or national origin.  Therefore, by terminating Plaintiff's employment in the manner herein alleged, Defendants violated the fundamental public policies of this State codified by Government Code section 12920.

57.     As a direct, foreseeable, legal and proximate result of Defendants' illegal conduct, acts, and/or omissions, as herein alleged, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of said retaliatory and discriminatory conduct, acts, and/or omissions, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in

14
FIRST AMENDED COMPLAINT

1    an amount to be proven at trial.

2         58.    Furthermore, Defendants committed the illegal acts and/or omissions described

3    herein deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious

4    disregard for Plaintiff's rights and safety.  As such, Defendants acted in a willful and intentional

5    manner and their conduct continues to be despicable, malicious and outrageous in that it has

6    caused and continues to cause Plaintiff to needlessly suffer cruel and unjust hardship.  Therefore,

7    Defendants' conduct, as herein alleged, justifies an award of punitive and exemplary damages in

8    an amount sufficient to deter them from ever engaging in such conduct again in the future.

9    Punitive and exemplary damages are further warranted to deter other employers who are similarly

10   situated to Defendants from also behaving in the same manner as Defendants.

11                        **SIXTH CAUSE OF ACTION**

12   **(Wrongful Termination in Violation of Public Policy – Against Utilimaster, Shyft Group**

13   **USA, Shyft Group, Shyft Group LLC, Spartan Motors, and DOES 1-100, inclusive)**

14        59.    Plaintiff realleges and incorporates by reference all of the allegations contained in

15   the preceding paragraphs of the Complaint as though fully set forth hereat.

16        60.    It is the public policy of the State of California—as expressed in the California Fair

17   Employment and Housing Act (Government Code section 12920) and the California Constitution,

18   Article I, Section 8—to protect and safeguard the right and opportunity of all persons to seek,

19   obtain and hold employment without discrimination on the basis of their disability or perceived

20   disability.   Therefore, by terminating Plaintiff's employment in the manner herein alleged,

21   Defendants violated fundamental public policies of this State.

22        61.    As a direct, foreseeable, legal and proximate result of Defendants' illegal conduct,

23   acts, and/or omissions, as herein alleged, Plaintiff has suffered and continues to suffer, substantial

24   losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and

25   discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable,

26   legal and proximate result of said retaliatory and discriminatory conduct, acts, and/or omissions,

27   Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and

28   costs, entitling him to reimbursement of same pursuant to Government Code section 12965(b), in

                                        15
                              FIRST AMENDED COMPLAINT

1  an amount to be proven at trial.

2      62.    Furthermore, Defendants, as herein alleged, committed the illegal acts and/or

3  omissions described herein deliberately, intentionally, oppressively, fraudulently, maliciously and

4  in conscious disregard for Plaintiff's rights and safety.  As such, Defendants acted in a willful and

5  intentional manner and their conduct continues to be despicable, malicious and outrageous in that

6  it has caused and continues to cause Plaintiff to needlessly suffer cruel and unjust hardship.

7  Therefore, Defendants' conduct, as herein alleged, justifies an award of punitive and exemplary

8  damages in an amount sufficient to deter them from ever engaging in such conduct again in the

9  future.  Punitive and exemplary damages are further warranted to deter other employers who are

10  similarly situated to Defendants from also behaving in the same manner as Defendants.

11  **SEVENTH CAUSE OF ACTION**

12  **(Failure to Pay Overtime Wages – Against all Defendants)**

13      63.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in

14  the preceding paragraphs of this Complaint as though fully set forth hereat.

15      64.    At all times relevant to this Complaint, Plaintiff was an employee of Defendants

16  covered by Labor Code section 510.

17      65.    At all times relevant to this Complaint, Labor Code section 510 provided that

18  "[e]ight hours of labor constitutes a day's work."  Moreover, at all times relevant to this

19  Complaint, Labor Code section 510 provided that "[a]ny work in excess of eight hours in one

20  workday and any work in excess of forty hours in any one workweek and the first eight hours on

21  the seventh day of work in any one workweek shall be compensated at the rate of no less than one

22  and one-half times the regular rate of pay for an employee."

23      66.    At all times relevant to this Complaint, Labor Code section 510 further provided

24  that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than

25  twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on

26  any seventh day of a workweek shall be compensated at the rate of no less than twice the regular

27  rate of pay of an employee."

28  / / /

16

FIRST AMENDED COMPLAINT

67.     Plaintiff is informed and believes, and based thereon alleges, that by requiring Plaintiff to work during shifts that consisted of more than eight (8) hours in a work day, more than forty (40) hours in a work week, or seven (7) days in a row in one workweek without receiving compensation for all those hours at a rate of one-and-one-half times his regular rate of work, and requiring Plaintiff to work more than twelve (12) hours in one day or in excess of eight (8) hours on any seventh day of a workweek without receiving compensation for those hours at a rate of no less than twice his regular rate of pay as a result of, including but not limited to, Defendants failing to accurately track and pay for all minutes and hours Plaintiff actually worked; engaging, suffering, or permitting Plaintiff to work off the clock, including, without limitation, by requiring Plaintiff to perform work duties during his meal periods; detrimental rounding of time worked; deducting or auto-deducting time worked; and editing and/or manipulating time entries, records and/or time worked to show less hours than actually worked by Plaintiff, Defendants willfully violated the provisions of the Labor Code, among others, sections 510, 1194, 1197 and applicable IWC Wage Orders, and California law.

68.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of wages, including overtime and/or double time wages, in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, as well as attorneys' fees and costs, pursuant to Labor Code sections 1194, 1199 and 218.6, Code of Civil Procedure section 1032, and Civil Code section 3287.

**EIGHTH CAUSE OF ACTION**

**(Failure to Pay Minimum Wages – Against All Defendants)**

69.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

70.     At all relevant times, Plaintiff was a non-exempt employee of Defendants covered by Labor Code section 1197 and applicable Wage Orders.

71.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff was entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

/ / /

72.     Defendants failed to pay Plaintiff minimum wages for all hours worked in violation of Labor Code section 1197 and applicable wage orders as a result of, including but not limited to, failing to accurately track and pay for all minutes and hours actually worked; engaging, suffering, or permitting Plaintiff to work off the clock, including, without limitation, by requiring Plaintiff to perform work duties during his meal periods; detrimental rounding of time worked; deducting or auto-deducting time worked; and editing and/or manipulating time entries, records and/or time worked to show less hours worked than actually worked in violation of the Labor Code, including, among others, sections 1194, 1194.2, 1197 and applicable Wage Orders.

73.     As a result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount, subject to proof, to the extent Plaintiff was not paid minimum wages for all hours worked or otherwise under Defendants' control.

74.     Pursuant to Labor Code sections 218.6, 1194, and 1194.2, Plaintiff is entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, as well as attorneys' fees and costs pursuant to Labor Code sections 1194 and 218.6, Code of Civil Procedure section 1032, and Civil Code section 3287.

## NINTH CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

75.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

76.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely uninterrupted meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  The "first meal periods must start after no more than five hours." (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1042.)

77.     Furthermore, pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely uninterrupted meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  The second meal period must

18
FIRST AMENDED COMPLAINT

1   begin "after no more than 10 hours of work in a day, i.e., no later than what would be the start of

2   the 11th hour of work…"  (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004,

3   1042.)

4   78.   As alleged herein, Plaintiff was not provided with the requisite uninterrupted,

5   timely, and complete meal periods as required under the law.

6   79.   Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

7   with a uninterrupted, timely, and complete meal period as provided in the applicable Wage Order

8   of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of

9   pay at the employee's regular rate of compensation for each work day that an uninterrupted,

10   timely, and complete meal period is not provided.

11   80.   By failing to provide Plaintiff with the meal periods contemplated by California

12   law, and by failing to provide compensation for such unprovided meal periods, as alleged above,

13   Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage

14   Orders.

15   81.   As a result of Defendants' unlawful conduct, Plaintiff has been deprived of one

16   additional hour of pay at Plaintiff's regular rate of compensation for each work day that a timely

17   and uninterrupted meal period was not provided, in amounts to be determined at trial, and is

18   entitled to recovery of such amounts, plus interest and costs under Labor Code sections 226 and

19   226.7, Code of Civil Procedure section 1032, and Civil Code section 3287.

20   **TENTH CAUSE OF ACTION**

21   **(Failure to Provide Rest Periods – Against All Defendants)**

22   82.   Plaintiff re-alleges and incorporates by reference all of the allegations contained in

23   the preceding paragraphs of this Complaint as though fully set forth hereat.

24   83.   California law and applicable Wage Orders require that employers "authorize and

25   permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

26   work period "or major fraction thereof".  Accordingly, employees who work shifts of three and-a-

27   half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

28   work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20)

19
FIRST AMENDED COMPLAINT

minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

84.     Moreover, the Industrial Wage Orders require that the rest periods "insofar as practicable … shall be in the middle of each work period." (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1032-1033, citing DLSE Opn. Letter No. 2001.09.17 (Sept. 17, 2001) at p.4.)

85.     As alleged herein, Plaintiff was not provided with requisite timely, uninterrupted, and complete rest periods as contemplated under the law.

86.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the timely, uninterrupted, and complete rest period is not provided.

87.     Plaintiff is informed and believes and thereon alleges that by their failure to provide Plaintiff with timely, uninterrupted, and complete rest periods contemplated by California law, and failing to provide compensation for such unprovided timely rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

88.     As a result of Defendants' unlawful conduct, Plaintiff has been deprived of one additional hour of pay at Plaintiff's regular rate of compensation for each work day that an uninterrupted rest period was not provided or was untimely or incomplete, in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and costs under Labor Code section 226.7, Code of Civil Procedure section 1032, and Civil Code section 3287.

/ / /

/ / /

/ / /

/ / /

/ / /

**ELEVENTH CAUSE OF ACTION**

**(Failure to Provide Due Wages at Termination – Against All Defendants)**

89.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of the Complaint as though fully set forth hereat.

90.     At all relevant times, Plaintiff was an employee of Defendants covered by Labor Code sections 201 and 202.

91.     California Labor Code sections 201 and 202 require Defendants to pay all of an employee's wages immediately upon termination of employment.  Labor Code section 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

92.     Defendants failed to pay Plaintiff all wages earned and unpaid prior to termination in accordance with Labor Code sections 201 or 202.  Plaintiff is informed and believes, and based thereon alleges that Defendants did not pay upon termination, the wages owed to Plaintiff as a consequence of, among other things, failing to pay Plaintiff for all work performed during his last month of employment with Defendants.

93.     Defendants' failure to pay Plaintiff all wages earned prior to his termination in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff at the time of his termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202.

94.     As alleged above and below, Plaintiff is entitled to compensation for wages earned, but to date has not received such compensation.

95.     Pursuant to Labor Code section 203, Plaintiff is entitled to penalty wages from the date his earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days.

96.     As a result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount subject to proof, to the extent he was not paid for all wages earned prior to termination.

97.     As a result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount subject to proof, to the extent he was not paid all penalty wages owed under Labor Code section 203.

98.     As a consequence of Defendants' willful conduct in not paying all wages owed and earned, Plaintiff is entitled to thirty (30) days wages as a penalty under Labor Code section 203, together with interest thereon and attorneys' fees and costs pursuant to Labor Code sections 218.5 and 1194, and Civil Code section 3287.

## <u>TWELFTH CAUSE OF ACTION</u>

### **(Wage Statement Violations – Against All Defendants)**

1.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

2.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff was entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable (and accurate) hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff, the proper name of the legal entity that is the employer, and other information necessary to accurately appear on wage statements.

3.     Plaintiff is informed and believes and thereon alleges that Defendants failed to provide Plaintiff with accurately itemized wage statements in accordance with Labor Code section 226, subdivision (a) including, without limitation, wage statements that accurately set out the number of regular, overtime and double time hours worked by Plaintiff, the number of corresponding hours worked at each applicable rate of pay, the amount of regular, overtime and double time wages earned by Plaintiff,  an accurate calculation of net and gross wages earned, net and gross wages paid, the proper name of the legal entity that is the employer, and premium wages due for missed meal and/or rest periods by Plaintiff.

4.     Defendants' failure to provide Plaintiff with wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff with wage statements, but intentionally failed to provide Plaintiff with wage statements.

5.      As a result of Defendants' unlawful conduct, Plaintiff has suffered injury.   The absence of accurate information on his wage statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies.

6.      Pursuant to Labor Code section 226, subdivision (e), Plaintiff is entitled to recover Fifty Dollars ($50) for the initial pay period during the period in which violation of Labor Code section 226 occurred and One Hundred Dollars ($100) for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate penalty of Four Thousand Dollars ($4,000).

7.      Furthermore, pursuant to Labor Code section 226, subdivision (e), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff is entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), as well as reasonable attorney's fees and costs of suit.

### THIRTEENTH CAUSE OF ACTION

**(Violation of Labor Code § 2802 – Against All Defendants)**

1.  Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

2.      California Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

3.      Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendants required Plaintiff to incur expenses to perform job duties by requiring Plaintiff to incur out-of-pocket expenses in the purchase of tools and safety equipment, which Plaintiff needed and was required to use to discharge his duties for Defendants.

4.      Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendants failed and refused, and still fail and refuse, to indemnify or reimburse Plaintiff for all

23

FIRST AMENDED COMPLAINT

1  of his out-of-pocket expenses and costs incurred in furtherance of his work duties, including but

2  not limited to, the costs incurred by Plaintiff for the laundering of mandatory work uniforms and

3  purchase of safety equipment including, without limitation, steel-toe boots, all required by and in

4  furtherance of his work duties.

5       5.     As a result of Defendants' unlawful conduct, Plaintiff has suffered damages in an

6  amount subject to proof, to the extent that Plaintiff was not reimbursed for the actual cost of

7  purchasing any tools and safety equipment for his work-related duties for Defendants.

8       6.     Pursuant to Labor Code section 2802, Code of Civil Procedure section 1032, and

9  Civil Code section 3287, Plaintiff is entitled to reimbursement for the actual cost of purchasing

10  any tools and safety equipment for his work-related duties for Defendants, interest and penalties

11  thereon, reasonable attorney's fees, and costs of suit.

12  <u>**FOURTEENTH CAUSE OF ACTION**</u>

13  **(Unfair Competition – Against All Defendants)**

14       7.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in

15  the preceding paragraphs of this Complaint as though fully set forth hereat.

16       8.     The unlawful conduct of Defendants alleged herein constitutes unfair competition

17  within the meaning of Business and Professions Code section 17200.  Due to their unlawful

18  business practices in violation of the Labor Code, Defendants have gained a competitive

19  advantage over other comparable companies doing business in the State of California that comply

20  with their obligations to compensate employees in accordance with the Labor Code.

21       9.     Plaintiff is entitled to an injunction and other equitable relief against such unlawful

22  practices in order to prevent future damage, for which there is no adequate remedy at law, and to

23  avoid a multiplicity of lawsuits.

24       10.     As a result of Defendants' unfair competition as alleged herein, Plaintiff has

25  suffered injury in fact and lost money or property.  Plaintiff has been deprived from not being

26  compensated overtime, double time, and minimum wages, from not being provided with meal and

27  rest breaks or compensation in lieu thereof, from not being paid all wages due upon termination or

28

1  resignation, from not being indemnified for costs incurred in furtherance of his work duties, and
2  from not being provided with accurately itemized wage statements or his final earned wages.

3       11.    As a direct and proximate result of the unfair business practices of Defendants, and
4  each of them, Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or
5  disgorgement of all wages and other monies which have been unlawfully withheld from Plaintiff
6  as a result of the business acts and practices described herein and enjoining Defendants to cease
7  and desist from engaging in the practices described herein.  Restitution of the money owed to
8  Plaintiff is necessary to prevent Defendants from becoming unjustly enriched by their failure to
9  comply with the Labor Code.

10      12.    The illegal conduct alleged herein is continuing, and there is no indication that
11 Defendants will not continue such activity into the future.  Plaintiff alleges that if Defendants, and
12 each defendant constituting Defendants, is not enjoined from the conduct set forth in this
13 Complaint, they will continue to fail to pay overtime wages, double time wages, and minimum
14 wages, will continue to require employees to work during meal and rest periods, will continue to
15 fail to pay premium wages for missed, interrupted, untimely or incomplete meal and rest periods,
16 will continue to fail to timely pay wages upon termination or resignation, will continue to fail to
17 provide wage statements, will continue to fail to reimburse employees' costs incurred in
18 furtherance of their work duties, and will continue to fail to pay appropriate taxes, insurance, and
19 unemployment withholdings.

20      13.    Plaintiff is entitled to recover reasonable attorneys' fees in connection with his
21 unfair competition claims pursuant to Code of Civil Procedure section 1021.5, the substantial
22 benefit doctrine and/or the common fund doctrine.  Plaintiff is further entitled to costs of suit
23 under Code of Civil Procedure section 1032 and interest under Civil Code sections 218.6 and
24 3287.

25                 **<u>REQUEST FOR A JURY TRIAL</u>**

26      99.    Plaintiff prays for a trial by jury.

27 / / /

28 / / /

## **PRAYER**

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

1.      For economic and non-economic damages, including but not limited to: unpaid wages, lost salary, both front and back pay, bonuses, commissions, benefits, (past, present and future) emotional distress, and any other benefits to which Plaintiff would have been entitled by reason of his employment with Defendants, according to proof;

2.      Damages for all wages earned and owed, including minimum and overtime wages under Labor Code sections 203, 510, 558.1, 1194, 1197, and 1199;

3.      For liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

4.      Damages for unpaid premium wages from missed meal and rest periods among other Labor Code sections, 226.7, 512, and 558.1;

5.      Penalties for Defendants' failure to provide accurate itemized wage statements as required under Labor Code sections 226, subdivision (e) and 558.1;

6.      Waiting time penalties and other relief under Labor Code sections 203 and 558.1;

7.      Damages in the form of reimbursement for costs and expenses incurred in furtherance of work duties as required under Labor Code sections 558.1 and 2802;

8.      Punitive and exemplary damages against Defendants;

9.      For all wages earned and owed;

10.     Statutory penalties, according to proof;

11.     Civil penalties, according to proof;

12.     Damages for unpaid penalties under Labor Code section 203;

13.     Waiting time penalties under Labor Code section 203;

14.     Preliminary and permanent injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

15.     Restitution under Business and Professions Code section 17203;

16.     For prejudgment and post-judgment interest at the maximum rate allowed by law;

17.     For reasonable attorneys' fees;

18.   For costs of suit incurred herein; and

19.   For such other and further relief as the Court deems just and proper.

Dated: October 14, 2021                J. GILL LAW GROUP, P.C.


                                       BY: _____
                                           JASMIN K. GILL
                                           Attorneys for Plaintiff FRANCISCO ROCHA
                                           VALDIVIA

27
FIRST AMENDED COMPLAINT

# EXHIBIT C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JASMIN K. GILL | SBN : 315090 <br> J. GILL LAW GROUP <br> 515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071 <br><br> TELEPHONE NO.: (310) 728-2137 | FAX NO. : E-MAIL ADDRESS *(Optional):* jasmin@jkgilllaw.com <br> ATTORNEY FOR *(Name):*  Plaintiff: | |

Electronically FILED by Superior Court of California, County of Los Angeles on 11/16/2021 10:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

| **LOS ANGELES COUNTY SUPERIOR COURT** | |
|---|---|
| STREET ADDRESS: 111 NORTH HILL ST. | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 | |
| BRANCH NAME: STANLEY MOSK COURTHOUSE | |

| PLAINTIFF:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT:  UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☐ Summons
   b. ☐ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other  **SUMMONS ON FIRST AMENDED COMPLAINT; FIRST AMENDED COMPLAINT**

3. a. Party served *(specify name of party as shown on documents served):*
   **THE SHYFT GROUP GTB, LLC, A MICHIGAN LIMITED LIABILITY COMPANY**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and title or relationship to the party named in item 3a):*
   **CT CORPORATION SYSTEM - JOHN D. - AUTHORIZED TO ACCEPT - AGENT FOR SERVICE - INTAKE CLERK**

   | Age: 30 | Weight: 175 | Hair: BROWN | Sex: Male |
   |---|---|---|---|
   | Height: 5'10 | Eyes: | Race: HISPANIC | |

4. Address where the party was served:  **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203**

5. I served the party
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **11/10/2021**     (2) at *(time):* **11:45 AM**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20).  I mailed the documents on *(date):*  from *(city):*                              **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 <br> **POS010-1/176922D** |
|---|---|---|

| PETITIONER: **FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| RESPONDENT: **UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL.** | **21STCV27465** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                               (2) *from (city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **THE SHYFT GROUP GTB, LLC, A MICHIGAN LIMITED LIABILITY COMPANY**
   under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: **17701.16** |

7. **Person who served papers**

a. Name: **ERIC WILKINS - JPL PROCESS SERVICE, LLC**

b. Address: **14482 BEACH BLVD. STE X  WESTMINSTER, CA 92683**

c. Telephone number: **(866) 754-0520**

d. The fee for service was: **$ 99.00**

e. I am:

   (1) ☐ not a registered California process server.

   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☑ registered California process server:

      (i) ☐ owner    ☐ employee    ☑ independent contractor.

      (ii) Registration No.: **2012208220**

      (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **11/10/2021**

**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683   | (866) 754-0520**

**ERIC WILKINS**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

---

POS-010 [Rev January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

POS-010/176922D

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>07/27/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ M. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV27465 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michael L. Stern | 62 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/27/2021
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Francisco Rocha Valdivia

DEFENDANT:
Utilimaster Corporation et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

07/27/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ P. Figueroa _____ Deputy

CASE NUMBER:
21STCV27465

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/09/2021 | Time: 10:30 AM | Dept.: 62 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:   07/27/2021                                      _____
                                                        Michael L. Stern / Judge
                                                        Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jasmin K. Gill
515 South Flower Street, Suite 1800
Los Angeles, CA 90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:   07/27/2021                              By  P. Figueroa  _____
                                                    Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/27/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ P. Figueroa _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Francisco Rocha Valdivia | |
| DEFENDANT/RESPONDENT:<br>Utilimaster Corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV27465 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jasmin K. Gill
J. Gill Law Group, PC
515 South Flower Street, Suite 1800
Los Angeles, CA  90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/28/2021                    By: _P. Figueroa_____
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT F

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

07/27/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ P. Figueroa _____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Francisco Rocha Valdivia

DEFENDANT(S):

Utilimaster Corporation et al

**ORDER TO SHOW CAUSE HEARING**

CASE NUMBER:

21STCV27465

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>10/08/2021</u> at <u>10:30 AM</u> in department <u>62</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>07/27/2021</u>

_____
Michael L. Stern / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/27/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ P. Figueroa _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Francisco Rocha Valdivia | |
| DEFENDANT/RESPONDENT:<br>Utilimaster Corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV27465 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jasmin K. Gill
J. Gill Law Group, PC
515 South Flower Street, Suite 1800
Los Angeles, CA  90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/28/2021                    By:  P. Figueroa _____
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT G

RECEIVED AUG 03 2021 Filing Window

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| Jasmin K. Gill<br>jasmin@jkgilllaw.com<br>J. Gill Law Group, P.C.<br>515 South Flower Street, Suite 1800<br>Los Angeles, California 90071; Tel: (310) 728-2137 | 315090 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>AUG -3 2021<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _M. Alaniz_, Deputy<br>M. Alaniz |

ATTORNEY FOR (Name): FRANCISCO ROCHA VALDIVIA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse, 111 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
FRANCISCO ROCHA VALDIVIA

DEFENDANT/RESPONDENT:
UTILIMASTER CORPORATION, et al.

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>21STCV27465 *FILE BY FAX* |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Michael L. Stern | Dept. Number:<br><br>62 |
|---|---|
| ☑ **Judge**           ☐ Commissioner           ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: <u>Francisco Rocha Valdivia</u>
Name of Party

☑ Plaintiff/Petitioner      ☐ Cross Complainant
☐ Defendant/Respondent     ☐ Cross Defendant
☐ Other: _____

Dated: <u>July 30, 2021</u>

Signature of Declarant

<u>Jasmin K. Gill, Attorney for Plaintiff</u>
Printed Name

---

| LACIV 015 (Rev. 12-14)<br>LASC Approved 04-04<br>For Optional Use | **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | Code Civ. Proc., § 170.6 |
|---|---|---|

EXHIBIT H

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>08/04/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Alaniz _____ Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Francisco Rocha Valdivia | |
| DEFENDANT/RESPONDENT:<br>Utilimaster Corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV27465 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re Peremptory Challenge) of 08/04/2021  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**


Jasmin K. Gill
J. Gill Law Group, PC
515 South Flower Street, Suite 1800
Los Angeles, CA  90071


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>8/4/2021</u>          By: <u>  M. Alaniz                                              </u>
                                                    Deputy Clerk


**CERTIFICATE OF MAILING**

# EXHIBIT I

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 62

**21STCV27465**                                                                August 4, 2021
**FRANCISCO ROCHA VALDIVIA vs UTILIMASTER**                                       10:14 AM
**CORPORATION, et al.**

Judge: Honorable Michael L. Stern                    CSR: None
Judicial Assistant: M. Alaniz                        ERM: None
Courtroom Assistant: None                            Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order re Peremptory Challenge

The Court reviews the Peremptory Challenge filed by Francisco Rocha Valdivia (Plaintiff) on 08/03/2021 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Gregory W. Alarcon in Department 36 at the Stanley Mosk Courthouse for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under Code of Civil Procedure section 170.6, peremptory challenges by them to the newly assigned judge must be timely filed within the 15 day period specified in Code of Civil Procedure section 170.6, with extensions of time pursuant to Code of Civil Procedure section 1013 if service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (Government Code section 68616(1)).

All future hearings in this department are advanced to this date and taken off calendar.

Clerk is to give notice.

Certificate of Mailing is attached.

EXHIBIT J

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/04/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Alaniz _____ Deputy |
| PLAINTIFF(S):<br>Francisco Rocha Valdivia | |
| DEFENDANT(S):<br>Utilimaster Corporation et al | |
| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR**<br>**PLAINTIFF TO GIVE NOTICE (Vacate Dates)** | CASE NUMBER:<br>21STCV27465 |

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective ___08/04/2021___, an order was made that the above-entitled action, previously assigned to ___Michael L. Stern___, is now and shall be assigned to ___Gregory W. Alarcon___ as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department ___36___ at ___Stanley Mosk Courthouse___ (See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case are advanced to this date, vacated, to be rescheduled in the newly assigned department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___08/04/2021___          By ___M. Alaniz___

Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE**
**(Vacate Dates)**

(Proposed LACIV 253)
LASC Approved [00/00]

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/04/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Alaniz _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Francisco Rocha Valdivia | |
| DEFENDANT/RESPONDENT:<br>Utilimaster Corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV27465 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment/Vacate Hearings upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jasmin K. Gill
J. Gill Law Group, PC
515 South Flower Street, Suite 1800
Los Angeles, CA  90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 08/4/2021                      By: M. Alaniz
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT K

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| JASMIN K. GILL \| SBN: 315090<br>J. GILL LAW GROUP<br>515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071 | |

TELEPHONE NO.: (310) 728-2137 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*: jasmin@jkgilllaw.com
ATTORNEY FOR *(Name)*: Plaintiff:

Electronically FILED by Superior Court of California, County of Los Angeles on 08/16/2021 02:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT:  UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

. At the time of service I was at least 18 years of age and not a party to this action.

. I served copies of:

a. ☑  Summons

b. ☑  Complaint

c. ☑  Alternative Dispute Resolution (ADR) package

d. ☐  Civil Case Cover Sheet  *(served in complex cases only)*

e. ☐  Cross-complaint

f. ☑  other  FIRST AMENDED GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET; ORDER PURSUANT TO CCP 1054(a) EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION; NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE MANAGEMENT CONFERENCE; ORDER TO SHOW CAUSE HEARING; PEREMPTORY CHALLENGE TO JUDICIAL OFFICER; MINUTE ORDER

. a. Party served *(specify name of party as shown on documents served)*:

**UTILIMASTER CORPORATION, AN INDIANA CORPORATION**

b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

**CT CORPORATION SYSTEM - DIANA R. - AUTHORIZE TO ACCEPT - AGENT FOR SERVICE - INTAKE CLERK**

| Age: 30 | Weight: 125 | Hair: BROWN | Sex: Female |
|---|---|---|---|
| Height: 5'6 | Eyes: | Race: HISPANIC | |

. Address where the party was served:  **330 N Brand Blvd Ste 700**
**Glendale, CA 91203**

. I served the party

a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 8/10/2021     (2) at *(time):* **12:55 PM**

b. ☐  **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

(1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

(2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

(3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

(4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*      or ☐  a declaration of mailing is attached.

(5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| orm Approved for Mandatory Use<br>udicial Council of California<br>OS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/172476A** |
|---|---|---|

| PETITIONER: **FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| RESPONDENT: **UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL.** | **21STCV27465** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                  *(2) from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

i. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* **UTILIMASTER CORPORATION, AN INDIANA CORPORATION**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

'. **Person who served papers**
  a. Name: **ERIC WILKINS - JPL PROCESS SERVICE, LLC**
  b. Address: **14482 BEACH BLVD. STE X  WESTMINSTER, CA 92683**
  c. Telephone number: **(866) 754-0520**
  d. The fee for service was: **$ 99.00**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner     ☐ employee     ☑ independent contractor.
      (ii) Registration No.: **2012208220**
      (iii) County: **LOS ANGELES**

i. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
  or
). ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **8/11/2021**

    **JPL PROCESS SERVICE, LLC**
    **14482 BEACH BLVD. STE X**
    **WESTMINSTER, CA 92683  | (866) 754-0520**

                                               *E. Wins*

| **ERIC WILKINS** | |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | |

EXHIBIT L

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JASMIN K. GILL \| SBN: 315090<br>J. GILL LAW GROUP<br>515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071<br><br>TELEPHONE NO.: (310) 728-2137 \| FAX NO. \| E-MAIL ADDRESS *(Optional):* jasmin@jkgilllaw.com<br>ATTORNEY FOR *(Name):* Plaintiff:<br>Electronically FILED by Superior Court of California, County of Los Angeles on 08/16/2021 02:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro, Deputy Clerk | |

| LOS ANGELES COUNTY SUPERIOR COURT | |
|---|---|
| STREET ADDRESS: 111 NORTH HILL ST. | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 | |
| BRANCH NAME: STANLEY MOSK COURTHOUSE | |

| PLAINTIFF:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT:  UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

. At the time of service I was at least 18 years of age and not a party to this action.

. I served copies of:

- a. ☑ Summons
- b. ☑ Complaint
- c. ☑ Alternative Dispute Resolution (ADR) package
- d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
- e. ☐ Cross-complaint
- f. ☑ other  FIRST AMENDED GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET; ORDER
  PURSUANT TO CCP 1054(a) EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY
  ORGANIZATIONAL MEETING STIPULATION; NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE MANAGEMENT
  CONFERENCE; ORDER TO SHOW CAUSE HEARING; PEREMPTORY CHALLENGE TO JUDICIAL OFFICER; MINUTE ORDER

. a. Party served *(specify name of party as shown on documents served):*
  **THE SHYFT GROUP USA, INC., A SOUTH DAKOTA CORPORATION**

  b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
     item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
     CT CORPORATION SYSTEM - DIANA R. - AUTHORIZE TO ACCEPT - AGENT FOR SERVICE - INTAKE CLERK

| Age: 30 | Weight: 125 | Hair: BROWN | Sex: Female |
|---|---|---|---|
| Height: 5'6 | Eyes: | Race: HISPANIC | |

. Address where the party was served:  **330 N Brand Blvd Ste 700**
  **Glendale, CA 91203**

. I served the party
  a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
     receive service of process for the party (1) on *(date):* **8/10/2021**    (2) at *(time):* **12:55 PM**

  b. ☐ **by substituted service.**  On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
     in the presence of *(name and title or relationship to person indicated in item 3b):*

  - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
    person to be served.  I informed him of her of the general nature of the papers.
  - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
    abode of the party.  I informed him or her of the general nature of the papers.
  - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
    address of the person to be served, other than a United States Postal Service post office box.  I informed him of
    her of the general nature of the papers.
  - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
    place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
    *(date):*   from *(city):*                              or ☐ a declaration of mailing is attached.
  - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

orm Approved for Mandatory Use<br>dicial Council of California<br>OS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS010-1/172476B**

| PETITIONER: FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| RESPONDENT: UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                     (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

i. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **THE SHYFT GROUP USA, INC., A SOUTH DAKOTA CORPORATION**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)                      ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)              ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                    ☐ 415.46 (occupant)
                                             ☐ other:

'. **Person who served papers**

a. Name:  **ERIC WILKINS - JPL PROCESS SERVICE, LLC**

b. Address:  **14482 BEACH BLVD. STE X  WESTMINSTER, CA 92683**

c. Telephone number:  **(866) 754-0520**

d. The fee for service was:  **$ 99.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:
   (i) ☐ owner      ☐ employee      ☑ independent contractor.
   (ii) Registration No.:  **2012208220**
   (iii) County:  **LOS ANGELES**

. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or

. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **8/11/2021**

**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683  | (866) 754-0520**

<u>_____ERIC WILKINS_____</u>                           ▶           *E. Wilkins*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

OS-010 [Rev January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**

Page 2 of 2

POS-010/172476B

EXHIBIT M

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JASMIN K. GILL \| SBN: 315090<br>J. Gill LAW GROUP<br>515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071 | |

TELEPHONE NO.: (310) 728-2137 | FAX NO. | E-MAIL ADDRESS *(Optional)*: jasmin@jkgilllaw.com

ATTORNEY FOR *(Name)*: Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 08/18/2021 12:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. So,Deputy Clerk

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT:  UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other   FIRST AMENDED GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET; ORDER PURSUANT TO CCP 1054(a) EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION; NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE MANAGEMENT CONFERENCE; ORDER TO SHOW CAUSE HEARING; PEREMPTORY CHALLENGE TO JUDICIAL OFFICER; MINUTE ORDER

3. a.  Party served *(specify name of party as shown on documents served)*:
   **DANA PEARCE, AN INDIVIDUAL**

   b. ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:  **1130 S Vail Ave**
   **Montebello, CA 90640**

5. I served the party

   a. ☐  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:      (2) at *(time)*:

   b. ☑  **by substituted service.**  On *(date)*: 8/16/2021  at  *(time)*: 10:55 AM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
   **FERNANDO ZAVALA - PERSON MOST IN CHARGE AT TIME OF SERVICE - HR**

   | Age: 45 | Weight: 220 | Hair: BLACK | Sex: Male |
   |---|---|---|---|
   | Height: 6'0 | Eyes: | Race: HISPANIC | |

   (1) ☑  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☑  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*: 8/17/2021 from *(city)*: WESTMINSTER, CA      **or** ☐ a declaration of mailing is attached.

   (5) ☑  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/172476C** |
|---|---|---|

| PETITIONER: **FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| RESPONDENT: **UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL.** | **21STCV27465** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☑ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of *(specify):*

under the following Code of Civil Procedure section:

☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)          ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)          ☐ 416.90 (authorized person)
☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                                                   ☐ other:

7. **Person who served papers**

a. Name:  **ERIC WILKINS - JPL PROCESS SERVICE, LLC**

b. Address:  **14482 BEACH BLVD. STE X  WESTMINSTER, CA 92683**

c. Telephone number:  **(866) 754-0520**

d. The fee for service was: **$ 99.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner          ☐ employee          ☑ independent contractor.

(ii) Registration No.: **2012208220**

(iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **8/17/2021**

**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683   | (866) 754-0520**

**ERIC WILKINS**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JASMIN K. GILL \| SBN: 315090<br>J. GILL LAW GROUP<br>515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071<br><br>TELEPHONE NO.: (310) 728-2137 \| FAX NO.  \| E-MAIL ADDRESS *(Optional):* jasmin@jkgilllaw.com<br>ATTORNEY FOR *(Name):*  Plaintiff | |

| **LOS ANGELES COUNTY SUPERIOR COURT** | |
|---|---|
| STREET ADDRESS: 111 NORTH HILL ST. | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 | |
| BRANCH NAME: STANLEY MOSK COURTHOUSE | |

| PLAINTIFF/PETITIONER:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  UTILIMASTER CORPORATION, AN INDIANA<br>CORPORATION; ET AL. | 21STCV27465 |

| **DECLARATION OF DILIGENCE** | Ref. No. or File No.: |
|---|---|

I, ERIC WILKINS , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: DANA PEARCE, AN INDIVIDUAL as follows:
Documents:

**See Documents on Attached List**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 8/10/2021 | 10:48 AM | Business | WAS TOLD THAT SUBJECT IS NOT IN HIS OFFICE.<br>1130 S Vail Ave,  Montebello, CA 906406021 |
| 8/13/2021 | 2:15 PM | Business | SUBJECT NO IN HIS OFFICE. DON'T KNOW WHEN HE  WILL BE IN.<br>1130 S Vail Ave,  Montebello, CA 906406021 |
| 8/16/2021 | 10:55 AM | Business | DOCUMENTS WERE LEFT WITH HR - FERNANDO ZAVALA - PERSON MOST IN CHARGE AT TIME OF SERVICE.<br>1130 S Vail Ave,  Montebello, CA 906406021 |
| 8/16/2021 | 10:55 AM | Business | Substituted service on: DANA PEARCE, AN INDIVIDUAL; 1130 S Vail Ave, Montebello, CA 90640; by serving: FERNANDO ZAVALA - PERSON MOST IN CHARGE AT TIME OF SERVICE - HR, HISPANIC Male 45 220 BLACK 6'0 . |
| 8/17/2021 | | | Mailed copy of documents to: DANA PEARCE, AN INDIVIDUAL.<br>1130 S Vail Ave, Montebello, CA 90640 |

Fee for Service: **$ 99.00**



County:  **LOS ANGELES**
Registration No.:
**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683**
**(866) 754-0520**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 8/17/2021.



Signature: E. Wir

**ERIC WILKINS**

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: 172476C

**JPL PROCESS SERVICE, LLC**
14482 BEACH BLVD. STE X
WESTMINSTER, CA 92683
Phone: (866) 754-0520   Fax: (866) 684-4815

Continued from Proof of Service

**CLIENT:**   J. GILL LAW GROUP

**CLIENT FILE #:**                                                **DATE:**   August 17, 2021

**SUBJECT:**   DANA PEARCE, AN INDIVIDUAL

**SERVED:**   FERNANDO ZAVALA - PERSON MOST IN CHARGE AT TIME OF SERVICE - HR

Summons; Complaint; Alternative Dispute (ADR) package; FIRST AMENDED
GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET;
ORDER PURSUANT TO CCP 1054(a) EXTENDING TIME TO RESPOND BY 30 DAYS
WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION;
NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE MANAGEMENT CONFERENCE;
ORDER TO SHOW CAUSE HEARING; PEREMPTORY CHALLENGE TO JUDICIAL
OFFICER; MINUTE ORDER;



# EXHIBIT N

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/19/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____A. Aguilar_____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Francisco Rocha Valdivia

DEFENDANT:
Utilimaster Corporation et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV27465

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/24/2021 | Time: 8:30 AM | Dept.: 36 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated: ___08/19/2021___

_Gregory W. Alarcon_
Gregory W. Alarcon / Judge
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jasmin K. Gill
515 South Flower Street, Suite 1800
Los Angeles, CA 90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___08/19/2021___

By _A. Aguilar_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Francisco Rocha Valdivia

DEFENDANT/RESPONDENT:
Utilimaster Corporation et al

### CERTIFICATE OF MAILING

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/19/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Aguilar _____ Deputy

CASE NUMBER:
21STCV27465

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Jasmin K. Gill
J. Gill Law Group, PC
515 South Flower Street, Suite 1800
Los Angeles, CA  90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 08/20/2021                    By:  A. Aguilar
                                          Deputy Clerk

### CERTIFICATE OF MAILING

# EXHIBIT O

Electronically FILED by Superior Court of California, County of Los Angeles on 08/25/2021 04:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara,Deputy Clerk

**J. GILL LAW GROUP, P.C.**
Jasmin K. Gill, Esq. (SBN 315090)
*jasmin@jkgilllaw.com*
515 South Flower Street, Suite 1800
Los Angeles, California 90071
Tel: (310) 728-2137

Attorneys for Plaintiff,
FRANCISCO ROCHA VALDIVIA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| FRANCISCO ROCHA VALDIVIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT GROUP USA, INC., a South Dakota corporation; DANA PEARCE, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 21STCV27465<br><br>*[Assigned to Judge Gregory W. Alarcon in Dept. 36]*<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE**<br><br>**HEARING INFORMATION**<br><br>DATE:          November 24, 2021<br>TIME:          8:30 a.m.<br>DEPT:          36<br>ADDRESS:   Stanley Mosk Courthouse<br>                      111 North Hill Street<br>                      Los Angeles, CA 90012<br><br>Complaint Filed:     July 27, 2021<br>Trial Date:             None |

NOTICE OF CASE MANAGEMENT CONFERENCE

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that a Case Management Conference has been scheduled in the

3   above-entitled matter for November 24, 2021 at 8:30 a.m. in Department 36 of the Superior Court

4   of California, County of Los Angeles, Stanley Mosk Courthouse, located at 111 North Hill Street,

5   Los Angeles, California 90012.

6      **PLEASE TAKE FURTHER NOTICE** that a copy of the Court's Notice of Case

7   Management Conference is attached hereto as **Exhibit "1"**.

8   Dated: August 25, 2021        **J. GILL LAW GROUP, P.C.**

9

10                  BY: _____

11                    JASMIN K. GILL

12                  Attorneys for Plaintiff, FRANCISCO ROCHA
VALDIVIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/19/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____A. Aguilar_____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Francisco Rocha Valdivia

DEFENDANT:
Utilimaster Corporation et al

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV27465

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/24/2021 | Time: 8:30 AM | Dept.: 36 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated: __08/19/2021__

*Gregory W. Alarcon*

_____Gregory W. Alarcon / Judge_____
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jasmin K. Gill
515 South Flower Street, Suite 1800
Los Angeles, CA 90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __08/19/2021__

By __A. Aguilar__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, over the age of 18 and not a party to the within action. My business address is 515 South Flower Street, Suite 1800, Los Angeles, California 90071.

On August 25, 2021, I served the following document(s) described as: **NOTICE OF CASE MANAGEMENT CONFERENCE** on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Utilimaster Corporation                    Utilimaster Corporation
Attn: Agent for Service of Process         1130 S. Vail Ave.
CT Corporation System                      Montebello, California 90640
330 N. Brand Blvd., Ste. 700
Glendale, California 91203

The Shyft Group USA, Inc.                  Dana Pearce
Attn: Agent for Service of Process         1130 S. Vail Ave.
CT Corporation System                      Montebello, California 90640
330 N. Brand Blvd., Ste. 700
Glendale, California 91203

**Defendants**

☒   **(BY U.S. MAIL)**   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

Executed on August 25, 2021 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Jasmin K. Gill, Esq.

PROOF OF SERVICE

# EXHIBIT P

Electronically FILED by Superior Court of California, County of Los Angeles on 09/24/2021 03:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
NATASHA COVARRUBIAS, SB# 299162
  E-Mail: Natasha.Covarrubias@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for UTILIMASTER CORPORATION,
THE SHYFT GROUP USA, INC. and DANA
PEARCE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| FRANCISCO ROCHA VALDIVIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT GROUP USA, INC., a South Daktoa corporation; DANA PEARCE, an individual; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 21STCV27465<br><br>**DECLARATION OF NATASHA COVARRUBIAS ESQ., PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 430.41**<br><br>Action Filed:      July 27, 2021<br>FSC Date:         TBD<br>Trial Date:        None Set |

I, Natasha Covarrubias, declare as follows:

I am an attorney duly admitted to practice in all of the courts of the State of California, and I am an associate with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants Utilimaster Corporation, The Shyft Group USA, Inc., and Dana Pearce (collectively, "Defendants") herein.  The facts set forth herein are of my own personal knowledge, and if sworn, I could and would competently testify thereto.

1.      Defendants' response to Plaintiff Francisco Rocha Valdivia ("Plaintiff") Complaint is due by September 25, 2021 (as to Utilimaster Corporation and The Shyft Group USA, Inc.) and

4831-4047-3596.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

September 26, 2021 (as to Dana Pearce).  Because Defendants intend to bring a demurrer with respect to Plaintiff's Complaint, they are required to meet and confer with counsel for Plaintiff, either in person or by telephone, at least five (5) days prior to the deadline for responding to the Complaint. (Code Civ. Proc., § 430.41.)

2.      Pursuant to Code of Civil Procedure section 430.41, I attempted to meet and confer in good faith with opposing counsel by telephone regarding Defendants' intent to bring a demurrer more than five (5) days before the deadline for Defendants' demurrer. I was unable to speak with opposing counsel despite multiple phone calls during regular business hours.

3.      As the parties were unable to meet and confer in earnest in accordance with Code of Civil Procedure section 430.41, Defendants' deadline to respond to the Complaint is extended by thirty (30) days. (Code Civ. Proc., §§ 430.41, subd. (a)(2).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 24, 2021, at Costa Mesa, California.

Natasha Covarrubias

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4831-4047-3596.1

2

DECLARATION OF NATASHA COVARRUBIAS ESQ., PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 430.41

114

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Francisco Rocha Valdivia v. Utilimaster Corporation, et al.
Case No. 21STCV27465

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626.

On September 24, 2021, I served true copies of the following document(s):
**DECLARATION OF NATASHA COVARRUBIAS ESQ., PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 430.41**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Jasmin K. Gill, Esq.<br>J. GILL LAW GROUP<br>515 South Flower Street, Suite 1800<br>Los Angeles, CA 90071<br><br>jasmin@jkgilllaw.com | Attorneys for Plaintiff,<br>*Francisco Rocha Valdivia* |

The documents were served by the following means:

☒ (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☐ Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 24, 2021, at Costa Mesa, California.

_____
Jessica Rodgers

3

DECLARATION OF NATASHA COVARRUBIAS ESQ., PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 430.41

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT Q

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JASMIN K. GILL \| SBN : 315090<br>J. GILL LAW GROUP<br>515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071 | |

TELEPHONE NO.: (310) 728-2137 | FAX NO. | E-MAIL ADDRESS *(Optional)*: jasmin@jkgilllaw.com

ATTORNEY FOR *(Name)*:  Plaintiff:

Electronically FILED by Superior Court of California, County of Los Angeles on 11/16/2021 10:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

## LOS ANGELES COUNTY SUPERIOR COURT

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| | |
|---|---|
| PLAINTIFF:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
| DEFENDANT:  UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☐ Summons
   b. ☐ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other  **SUMMONS ON FIRST AMENDED COMPLAINT; FIRST AMENDED COMPLAINT**

3. a. Party served *(specify name of party as shown on documents served)*:

   **THE SHYFT GROUP USA, INC., A SOUTH DAKOTA CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **CT CORPORATION SYSTEM - JOHN D. - AUTHORIZED TO ACCEPT - AGENT FOR SERVICE - INTAKE CLERK**

   Age: 30        Weight: 175        Hair: BROWN        Sex: Male

   Height: 5'10        Eyes:        Race: HISPANIC

4. Address where the party was served:  **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203**

5. I served the party

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **11/10/2021**    (2) at *(time)*: **11:45 AM**

   b. ☐ **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20).  I mailed the documents on *(date)*:  from *(city)*:        **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS010-1/176922B**

| PETITIONER: **FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| RESPONDENT: **UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL.** | **21STCV27465** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                   *(2) from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **THE SHYFT GROUP USA, INC., A SOUTH DAKOTA CORPORATION**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                           ☐ other:

7. **Person who served papers**

a. Name: **ERIC WILKINS - JPL PROCESS SERVICE, LLC**

b. Address: **14482 BEACH BLVD. STE X  WESTMINSTER, CA 92683**

c. Telephone number: **(866) 754-0520**

d. The fee for service was: **$ 99.00**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:
        (i) ☐ owner     ☐ employee     ☑ independent contractor.
        (ii) Registration No.: **2012208220**
        (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **11/10/2021**

**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683  | (866) 754-0520**



_____
**ERIC WILKINS**         ▶    *E. Wins*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

EXHIBIT R

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JASMIN K. GILL \| SBN : 315090<br>J. GILL LAW GROUP<br>515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071<br><br>TELEPHONE NO.: (310) 728-2137 \| FAX NO. : \| E-MAIL ADDRESS *(Optional):* jasmin@jkgilllaw.com<br>ATTORNEY FOR *(Name):*  Plaintiff:<br>Electronically FILED by Superior Court of California, County of Los Angeles on 11/16/2021 10:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk | |

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT:  UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☐ Summons
   b. ☐ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other  **SUMMONS ON FIRST AMENDED COMPLAINT; FIRST AMENDED COMPLAINT**

3. a.  Party served *(specify name of party as shown on documents served):*
   **UTILIMASTER CORPORATION, AN INDIANA CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substitute service was made) *(specify name and relationship to the party named in item 3a):*
   **CT CORPORATION SYSTEM - JOHN D. - AUTHORIZED TO ACCEPT - AGENT FOR SERVICE - INTAKE CLERK**

   | Age: 30 | Weight: 175 | Hair: BROWN | Sex: Male |
   |---|---|---|---|
   | Height: 5'10 | Eyes: | Race: HISPANIC | |

4. Address where the party was served:  **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203**

5. I served the party

   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **11/10/2021**     (2) at *(time):* **11:45 AM**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*                              **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>**POS010-1/176922A** |
|---|---|---|

| PETITIONER: **FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| RESPONDENT: **UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL.** | **21STCV27465** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    *(2) from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **UTILIMASTER CORPORATION, AN INDIANA CORPORATION**
     under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                  ☐ other:

7. **Person who served papers**

  a. Name: **ERIC WILKINS - JPL PROCESS SERVICE, LLC**

  b. Address: **14482 BEACH BLVD. STE X  WESTMINSTER, CA 92683**

  c. Telephone number: **(866) 754-0520**

  d. The fee for service was: **$ 99.00**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner    ☐ employee    ☑ independent contractor.

      (ii) Registration No.: **2012208220**

      (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **11/10/2021**

**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683   | (866) 754-0520**

                            ▶     *E. Wi...*

| **ERIC WILKINS** | |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | |

# EXHIBIT S

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JASMIN K. GILL \| SBN : 315090<br>J. GILL LAW GROUP<br>515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071<br><br>TELEPHONE NO.: (310) 728-2137 \| FAX NO.  \| E-MAIL ADDRESS *(Optional):* jasmin@jkgilllaw.com<br>ATTORNEY FOR *(Name):* Plaintiff | |

Electronically FILED by Superior Court of California, County of Los Angeles on 11/16/2021 10:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 NORTH HILL ST.

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| | |
|---|---|
| PLAINTIFF:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
| DEFENDANT:  UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☐ Summons
   b. ☐ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other  **SUMMONS ON FIRST AMENDED COMPLAINT; FIRST AMENDED COMPLAINT**

3. a. Party served *(specify name of party as shown on documents served):*
   **DANA PEARCE, AN INDIVIDUAL**

   | Age: 40 | Weight: 190 | Hair: BLACK | Sex: Male |
   |---|---|---|---|
   | Height: 5'8 | Eyes: BROWN | Race: CAUCASIAN | |

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:  **1130 S Vail Ave**
   **Montebello, CA 90640**

5. I served the party
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **11/11/2021**  (2) at *(time):* **2:10 PM**

   b. ☐ **by substituted service.** On *(date):* at  *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him of her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*  from *(city):*                                **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/176922F** |

| PETITIONER: **FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| RESPONDENT: **UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL.** | **21STCV27465** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **ROBERT DIAZ - JPL PROCESS SERVICE, LLC**
  b. Address: **14482 BEACH BLVD. STE X  WESTMINSTER, CA 92683**
  c. Telephone number: **(866) 754-0520**
  d. The fee for service was: **$ 99.00**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner    ☐ employee    ☑ independent contractor.
      (ii) Registration No.: **5681**
      (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **11/12/2021**

**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683  | (866) 754-0520**

**ROBERT DIAZ**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

**PROOF OF SERVICE OF SUMMONS**

# EXHIBIT T

Electronically FILED by Superior Court of California, County of Los Angeles on 11/16/2021 10:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JASMIN K. GILL \| SBN: 315090<br>J. GILL LAW GROUP<br>515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071<br><br>TELEPHONE NO.: (310) 728-2137 \| FAX NO.   E-MAIL ADDRESS *(Optional)*: jasmin@jkgilllaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff: | |

| LOS ANGELES COUNTY SUPERIOR COURT | |
|---|---|
| STREET ADDRESS: 111 NORTH HILL ST.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: STANLEY MOSK COURTHOUSE | |

| PLAINTIFF:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT: UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ Summons
   b. ☐ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other  SUMMONS ON FIRST AMENDED COMPLAINT; FIRST AMENDED COMPLAINT
3. a. Party served *(specify name of party as shown on documents served)*:
   **SPARTAN MOTORS GTB, LLC, A MICHIGAN LIMITED LIABILITY COMPANY**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **THE CORPORATION COMPANY - KATHY HUNTER - AUTHORIZED TO ACCEPT - AGENT FOR SERVICE - INTAKE SPEC**

   | Age: 50+ | Weight: 150 | Hair: BLONDE | Sex: Female |
   |---|---|---|---|
   | Height: 5'5 | Eyes: blue | Race: CAUCASIAN | |

4. Address where the party was served:  **40600 Ann Arbor Rd E Ste 201**
   **Plymouth, MI 48170**

5. I served the party
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **11/10/2021**   (2) at *(time)*: **12:15 PM**

   b. ☐  **by substituted service.** On *(date)*:  at  *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:  **or** ☐ a declaration of mailing is attached.

   (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>POS010-1/176922E

| PETITIONER: **FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| RESPONDENT: **UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL.** | **21STCV27465** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                             (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **SPARTAN MOTORS GTB, LLC, A MICHIGAN LIMITED LIABILITY COMPANY**
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: **17701.16** |

7. **Person who served papers**

  a. Name: **TRISTAN SEAVER - JPL PROCESS SERVICE, LLC**

  b. Address: **14482 BEACH BLVD. STE X  WESTMINSTER, CA 92683**

  c. Telephone number: **(866) 754-0520**

  d. The fee for service was: **$ 99.00**

  e. I am:

    (1) ☑ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ registered California process server:

      (i) ☐ owner   ☐ employee   ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

   Date: **11/12/2021**

**JPL PROCESS SERVICE, LLC**
**14482 BEACH BLVD. STE X**
**WESTMINSTER, CA 92683  | (866) 754-0520**

 

| **TRISTAN SEAVER** | ▶ | *(signature)* |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | (SIGNATURE) |

EXHIBIT U

Electronically FILED by Superior Court of California, County of Los Angeles on 11/16/2021 10:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>JASMIN K. GILL \| SBN: 315090<br>J. GILL LAW GROUP<br>515 SOUTH FLOWER STREET  STE 1855 LOS ANGELES, CA 90071<br><br>TELEPHONE NO.: (310) 728-2137 \| FAX NO. \| E-MAIL ADDRESS *(Optional)*: jasmin@jkgilllaw.com<br>ATTORNEY FOR *(Name)*:  Plaintiff: | *FOR COURT USE ONLY* |
|---|---|

| **LOS ANGELES COUNTY SUPERIOR COURT** | |
|---|---|
| STREET ADDRESS: 111 NORTH HILL ST. | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 | |
| BRANCH NAME: STANLEY MOSK COURTHOUSE | |

| PLAINTIFF:  FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT:  UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL. | 21STCV27465 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☐  Summons
   b. ☐  Complaint
   c. ☐  Alternative Dispute Resolution (ADR) package
   d. ☐  Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐  Cross-complaint
   f. ☑  other  **SUMMONS ON FIRST AMENDED COMPLAINT; FIRST AMENDED COMPLAINT**

3. a.  Party served *(specify name of party as shown on documents served)*:
   **THE SHYFT GROUP, INC., A MICHIGAN CORPORATION**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
     **THE CORPORATION COMPANY - KATHY HUNTER - AGENT FOR SERVICE - INTAKE SPECIALIST**

| Age: 50+ | Weight: 150 | Hair: BLONDE | Sex: Female |
|---|---|---|---|
| Height: 5'5 | Eyes: | Race: CAUCASIAN | |

4. Address where the party was served:  **40600 Ann Arbor Rd E Ste 201**
                                    **Plymouth, MI 48170**

5. I served the party
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **11/10/2021**   (2) at *(time)*: **12:15 PM**

   b. ☐  **by substituted service.** On *(date)*:   at  *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

     (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

     (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

     (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

     (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:   from *(city)*:   **or** ☐  a declaration of mailing is attached.

     (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/176922C

| PETITIONER: **FRANCISCO ROCHA VALDIVIA, AN INDIVIDUAL** | CASE NUMBER: |
|---|---|
| RESPONDENT: **UTILIMASTER CORPORATION, AN INDIANA CORPORATION; ET AL.** | **21STCV27465** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date):*                          (2) from *(city):*

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **THE SHYFT GROUP, INC., A MICHIGAN CORPORATION**
  under the following Code of Civil Procedure section:

  ☑ 416.10 (corporation)                  ☐ 415.95 (business organization, form unknown)
  ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
  ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
  ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
  ☐ 416.50 (public entity)                ☐ 415.46 (occupant)
                                          ☐ other:

7. **Person who served papers**
  a. Name: **TRISTAN SEAVER - JPL PROCESS SERVICE, LLC**
  b. Address: **14482 BEACH BLVD. STE X  WESTMINSTER, CA 92683**
  c. Telephone number: **(866) 754-0520**
  d. The fee for service was: **$ 99.00**
  e. I am:

  (1) ☑ not a registered California process server.
  (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
  (3) ☐ registered California process server:
    (i) ☐ owner   ☐ employee   ☐ independent contractor.
    (ii) Registration No.:
    (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
  or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

  Date: **11/12/2021**

  **JPL PROCESS SERVICE, LLC**
  **14482 BEACH BLVD. STE X**
  **WESTMINSTER, CA 92683**  | **(866) 754-0520**

  _____          ▶  *Tristan Seaver*
        **TRISTAN SEAVER**                          (SIGNATURE)
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

EXHIBIT V

Electronically FILED by Superior Court of California, County of Los Angeles on 11/18/2021 04:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

**CM-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>**J. GILL LAW GROUP, P.C.**<br>Jasmin K. Gill (Cal Bar No. 315090)<br>515 South Flower Street, Suite 1800<br>Los Angeles, California 90071<br><br>TELEPHONE NO.: **(310) 728-2137**    FAX NO. *(Optional):* **(310) 728-2137**<br>E-MAIL ADDRESS *(Optional):* jasmin@jkgilllaw.com<br>ATTORNEY FOR *(Name):* **Plaintiff Francisco Rocha Valdivia** | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES |
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles, 90012 |
| BRANCH NAME: **Stanley Mosk Courthouse** |

| |
|---|
| PLAINTIFF/PETITIONER:    Francisco Rocha Valdivia |
| DEFENDANT/RESPONDENT:    Utilimaster Corporation, et al. |

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  [ **x** ] **UNLIMITED CASE**        [ ] **LIMITED CASE**<br>(Amount demanded        (Amount demanded is $25,000<br>exceeds $25,000)        or less) | CASE NUMBER:<br>**21STCV27465** |

| |
|---|
| A **CASE MANAGEMENT CONFERENCE** is scheduled as follows: |
| Date: November 24, 2021        Time: 8:30 a.m.        Dept.: 36        Div.:        Room: |
| Address of court *(if different from the address above):* |
| [ **x** ]  **Notice of Intent to Appear by Telephone, by** *(name):* Jasmin K. Gill |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [ **x** ] This statement is submitted by party *(name):* Plaintiff Francisco Rocha Valdivia
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 7/27/21 Complaint; 10/14/21 FAC
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ **x** ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed
   b. [ ] The following parties named in the complaint or cross-complaint

      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in    [ **x** ] complaint        [ ] cross-complaint        *(Describe, including causes of action):*
      Plaintiff alleges: disability discrimination, failure to accommodate disability, failure to engage in the interactive process, retaliation, wrongful termination and failure to pay overtime & minimum wages, failure to provide meal & rest periods, waiting time penalties, wage statement violations, violation of Lab. Code § 2802, and unfair competition.

Page 1 of 5

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

**CM-110**

| PLAINTIFF/PETITIONER:  Francisco Rocha Valdivia | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Utilmaster Corporation, et al. | 21STCV27465 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Wrongful termination action based on disability as well as wage-and-hour action on an individual basis.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

 a.  The party or parties request ☒ a jury trial   ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

 a.  ☐  The trial has been set for  *(date):*

 b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

 c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
 1/7, 11, 13-14, 19, 28, 31 Hearings; 2/1Hearing, 2/7 Mediation, 2/18 Hearing, 3/4,7-11 Trial; 3/11 Hearing; 4/20-4/22, 4/27-4/29; 5/12-13, 5/19-20; 9/12-9/16 Trial, 9/19-9/23 Trial, 9/27 Hearing; 10/5 Hearing, 10/31-11/4 Trial; 12/5-12/9, 12/12-12/13 Trial.

7.  **Estimated length of trial**

 The party or parties estimate that the trial will take *(check one):*

 a.  ☒  days *(specify number):* 3-5

 b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

 The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

 a.  Attorney:

 b.  Firm:

 c.  Address:

 d.  Telephone number:                               f.  Fax number:

 e.  E-mail address:                                 g.  Party represented:

 ☐  Additional representation is described in Attachment 8.

9.  **Preference**

 ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

 a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

 (1)  For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

 (2)  For self-represented parties: Party ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.

 b.  **Referral to judicial arbitration or civil action mediation** (if available).

 (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

 (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

 (3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011]                 **CASE MANAGEMENT STATEMENT**                 Page 2 of 5

**CM-110**

| PLAINTIFF/PETITIONER:  Francisco Rocha Valdivia | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Utilimaster Corporation, et al. | 21STCV27465 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER:  Francisco Rocha Valdivia | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Utilimaster Corporation, et al. | 21STCV27465 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Depositions | Pursuant to Code |
| Plaintiff | Written Discovery | Pursuant to Code |
| Plaintiff | Expert Discovery | Pursuant to Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110 [Rev. July 1, 2011]     **CASE MANAGEMENT STATEMENT**     Page 4 of 5

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Francisco Rocha Valdivia | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  Utilimaster Corporation, et al. | 21STCV27465 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
Plaintiff's counsel reached out to Defendants in an attempt to meet-and-confer, but was unable to get a response. Defendants were served with Plaintiff's First Amended Complaint recently and should be providing a responsive pleading in December 2021.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 18, 2021

Jasmin K. Gill
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 5 of 5

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, over the age of 18 and not a party to the within action. My business address is 515 South Flower Street, Suite 1800, Los Angeles, California 90071.

On November 18, 2021, I served the following document(s) described as: **PLAINTIFF'S CASE MANAGEMENT STATEMENT** on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Utilimaster Corporation
Attn: Agent for Service of Process
CT Corporation System
330 N. Brand Blvd., Ste. 700
Glendale, California 91203

The Shyft Group USA, Inc.
Attn: Agent for Service of Process
CT Corporation System
330 N. Brand Blvd., Ste. 700
Glendale, California 91203

The Shyft Group, Inc.
Attn: Agent for Service of Process
The Corporation Company
40600 Ann Arbor Rd. E., Ste 201
Plymouth, MI 48170

The Shyft Group GTB, LLC
Attn: Agent for Service of Process
CT Corporation System
330 N. Brand Blvd., Ste. 700
Glendale, California 91203

Spartan Motors GTB, LLC
Attn: Agent for Service of Process
The Corporation Company
40600 Ann Arbor Rd. E., Ste 201
Plymouth, MI 48170

Dana Pearce
1130 S. Vail Ave.
Montebello, California 90640

**Defendants**

☒ **(BY U.S. MAIL)**  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

Executed on November 18, 2021 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
*/s/ Adriana Gonzalez*
Adriana Gonzalez

# EXHIBIT W

Electronically FILED by Superior Court of California, County of Los Angeles on 11/23/2021 01:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Gregg,Deputy Clerk

**J. GILL LAW GROUP, P.C.**
Jasmin K. Gill (State Bar No. 315090)
*jasmin@jkgilllaw.com*
515 South Flower Street, Suite 1800
Los Angeles, California 90071
Tel: (310) 728-2137

*Attorneys for Plaintiff,*
FRANCISCO ROCHA VALDIVIA,

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| FRANCISCO ROCHA VALDIVIA, an individual,<br><br>                 Plaintiff,<br><br>        v.<br><br>UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT GROUP USA, INC., a South Dakota corporation; THE SHYFT GROUP, INC., a Michigan corporation; THE SHYFT GROUP GTB, LLC, a Michigan limited liability company; SPARTAN MOTORS GTB, LLC, a Michigan limited liability company; DANA PEARCE, an individual; and DOES 1 through 100, inclusive,<br><br>                 Defendants. | CASE NO.: 21STCV27465<br><br>*[Assigned for all purposes to the Hon. Gregory W. Alarcon in Dept. 36]*<br><br>**NOTICE OF POSTING JURY FEES PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 631,** *et seq.*<br><br>**HEARING INFORMATION:**<br><br>DATE:   November 24, 2021<br>TIME:    8:30 a.m.<br>DEPT:    36<br><br>ACTION FILED:   July 27, 2021 |

NOTICE OF POSTING JURY FEES PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 631, *et seq.*

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that pursuant to California Code of Civil Procedure Section 631, *et seq.*, plaintiff FRANCISCO ROCHA VALDIVIA ("Plaintiff"), demands a jury trial in the above-captioned action and hereby deposits to the Court, prior to or on the date of the Case Management Conference in the above-captioned action, the sum of One Hundred and Fifty Dollars ($150) in "jury fees."

Dated: November 23, 2021          J. GILL LAW GROUP, P.C.


                                  BY: _____

                                      JASMIN K. GILL
                                  Attorneys for Plaintiff FRANCISCO ROCHA VALDIVIA

2
NOTICE OF POSTING JURY FEES PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 631, *et seq.*

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, over the age of 18 and not a party to the within action. My business address is 515 South Flower Street, Suite 1800, Los Angeles, California 90071

On November 23, 2021, I served the following document(s) described as: **NOTICE OF POSTING JURY FEES PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 631,** *et seq.* on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Utilimaster Corporation
Attn: Agent for Service of Process
CT Corporation System
330 N. Brand Blvd., Ste. 700
Glendale, California 91203

The Shyft Group USA, Inc.
Attn: Agent for Service of Process
CT Corporation System
330 N. Brand Blvd., Ste. 700
Glendale, California 91203

The Shyft Group, Inc.
Attn: Agent for Service of Process
The Corporation Company
40600 Ann Arbor Rd. E., Ste 201
Plymouth, MI 48170

The Shyft Group GTB, LLC
Attn: Agent for Service of Process
CT Corporation System
330 N. Brand Blvd., Ste. 700
Glendale, California 91203

Spartan Motors GTB, LLC
Attn: Agent for Service of Process
The Corporation Company
40600 Ann Arbor Rd. E., Ste 201
Plymouth, MI 48170

Dana Pearce
1130 S. Vail Ave.
Montebello, California 90640

**Defendants**

☒   **(BY U.S. MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

Executed this 23rd day of November 2021 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_/s/ **Adriana Gonzalez**_
Adriana Gonzalez

PROOF OF SERVICE

EXHIBIT X

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOHN L. BARBER, SB# 160317
    E-Mail: John.Barber@lewisbrisbois.com
NATASHA COVARRUBIAS, SB# 299162
    E-Mail: Natasha.Covarrubias@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for UTILIMASTER CORPORATION;
THE SHYFT GROUP USA, INC.; THE SHYFT
GROUP, INC.; THE SHYFT GROUP GTB,
LLC; SPARTAN MOTORS GTB, LLC; and
DANA PEARCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCISCO ROCHA VALDIVIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT GROUP USA, INC., a South Dakota corporation; THE SHYFT GROUP, INC., a Michigan corporation; THE SHYFT GROUP GTB, LLC, a Michigan limited liability company; SPARTAN MOTORS GTB, LLC, a Michigan limited liability company; DANA PEARCE, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:21-cv-09583<br><br>**DECLARATION OF PAMELA MILLER IN SUPPORT OF DEFENDANT' THE SHYFT GROUP GTB, LLC'S NOTICE OF REMOVAL**<br><br>Complaint Filed:   July 27, 2021<br>First Amended<br>Complaint Filed:   October 14, 2021 |

I, Pamela Miller, do hereby declare:

1.      The statements in this declaration are made on the basis of my own personal knowledge and I could and would competently testify thereto if called upon to do so.  I make this declaration in support of Defendant The Shyft Group GTB, LLC's Notice of Removal.  I am authorized to make this declaration on The Shyft Group GTB, LLC's behalf.

2.      I am directly employed as Deputy General Counsel for The Shyft Group, Inc.,

4887-5338-1637.2                                    1
DECLARATION OF PAMELA MILLER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

1   which has its corporate headquarters in Novi, Michigan.  Given my position, I am familiar with

2   The Shyft Group, Inc.'s business structure and the location from which its senior corporate

3   management directs The Shyft Group, Inc.'s corporate activities.

4       3.      The Shyft Group, Inc. is incorporated in the state of Michigan.  The Shyft Group,

5   Inc. was previously named Spartan Motors, Inc.  Attached hereto as "**Exhibit A**" is a true and

6   correct copy of the Restated Articles of Incorporation of The Shyft Group, Inc. on file with the

7   Michigan Secretary of State, which reflects the name change and Michigan as the state of

8   incorporation.

9       4.      The Shyft Group, Inc.'s officers are located and work from the company's

10  headquarters in Novi, Michigan.  Attached hereto as "**Exhibit B**" is a true and correct copy of the

11  Annual Report of The Shyft Group, Inc. on file with the Michigan Secretary of State, which

12  reflects this information.  From this location, these individuals direct, control, and coordinate The

13  Shyft Group, Inc.'s corporate operations.

14      5.      The Shyft Group, Inc. is the parent company of The Shyft Group USA, Inc.  The

15  Shyft Group USA, Inc. is incorporated in the state of South Dakota.  The Shyft Group USA, Inc.'s

16  officers are located and work from either Michigan or Indiana.  From these locations, these

17  individuals direct, control, and coordinate The Shyft Group USA, Inc.'s corporate operations.

18  Attached hereto as "**Exhibit C**" is a true and correct copies of the Annual Report for The Shyft

19  Group USA, Inc. on file with the South Dakota Secretary of State, which reflects that The Shyft

20  Group USA, Inc. is a South Dakota corporation that maintains its corporate headquarters in Novi,

21  Michigan.

22      6.      In June 2019, Spartan Motors, Inc. (now known as The Shyft Group, Inc.) acquired

23  General Truck Body, Inc. through its wholly subsidiary, Spartan Motors GTB, LLC.  Spartan

24  Motors GTB, LLC changed its name to The Shyft Group GTB, LLC in or around April 2020.

25  Attached hereto as **"Exhibit D"** is a true and correct copy of the Certificate of Amendment to the

26  Articles of Organization, which reflects the name change, on file with the Michigan Secretary of

27  State.

28      7.      The Shyft Group GTB, LLC is a limited liability company organized under the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4887-5338-1637.2                    2
DECLARATION OF PAMELA MILLER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

144

1  laws of the state of Michigan.  Attached hereto as **"Exhibit E"** is a true and correct copy of the

2  Articles of Organization on file with the Michigan Secretary of State.  The Shyft Group USA, Inc.

3  is the sole member of The Shyft Group GTB, LLC.

4       8.      "Utilimaster Corporation" is improperly named.  Utilimaster Corporation was

5  previously a corporation organized under the laws of Indiana.  Utilimaster Corporation was

6  dissolved.  In December 1994, Utilimaster Corporation filed its Articles of Dissolution with the

7  Indiana Secretary of State.  Attached hereto as **"Exhibit F"** is a true and correct copy of the Filing

8  History for Utilimaster Corporation per Indiana's Secretary of State online busines search.

9

10      I declare under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct and that this declaration was executed on this 10th day of December,

12  2021, in Novi, Michigan.

13

14                                      Pamela Miller

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4887-5338-1637.2                                         3
DECLARATION OF PAMELA MILLER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A TO DECLARATION OF PAMELA MILLER

510
REC'D
DEC 28 2020

E4-02

$110 V 20110912679363

**FILED**

DEC 28 2020

ADMINISTRATOR
CORPORATIONS DIVISION

## RESTATED ARTICLES OF INCORPORATION

### OF

### THE SHYFT GROUP, INC.

These Restated Articles of Incorporation have been duly adopted by the directors of The Shyft Group, Inc. and are executed pursuant to the provisions of Sections 641-643, Act 284, Public Acts of 1972, as amended.

1.      The present name of the corporation is:

### THE SHYFT GROUP, INC.

2.      The identification number assigned by the Bureau is 800168486.

3.      All former names of the corporation are:

### SPARTAN MOTORS, INC.

4.      The date of filing the original Articles of Incorporation was September 18, 1975.

The following Restated Articles of Incorporation supersede the Restated Articles of Incorporation dated July 16, 1997, as amended, and shall be the Articles of Incorporation of the corporation:

### ARTICLE I

The name of the corporation is:

### THE SHYFT GROUP, INC.

### ARTICLE II

The purpose or purposes for which the corporation is organized is to engage in any activity within the purposes for which corporations may be organized under the Michigan Business Corporation Act.

To conduct and be engaged in the business of manufacturing, producing, and sale, at wholesale and retail, of specialized motor vehicles and motor vehicle equipment and parts and all other related items.

To make, perform, and carry out contracts of every kind and description pertaining to the purpose of this corporation and for any lawful purposes necessary and expedient thereto with any person, firm, association, or corporation.

AW

To acquire, own, hold, buy, sell and in every other manner deal in the shares of stock of other corporations, and to exchange shares of its own capital stock for any of the things, rights, and properties which it might otherwise lawfully acquire and hold.

To make contracts with any of the officers, directors, shareholders, or employees of this corporation, individually or otherwise, and without limitation, restriction, or prejudice, which contracts shall be considered and construed on the same basis as contracts with third persons, all in furtherance of the management, operation, objects, and purposes of the corporation.

To borrow and to issue bonds, debentures, notes, and other evidences of indebtedness and obligations from time to time for any lawful corporate purpose and to mortgage, pledge, and otherwise charge any or all of its properties, rights, privileges, and assets to secure the payment thereof.

## ARTICLE III

The total number of shares of which the corporation shall have the authority to issue is eighty-two million (82,000,000), divided into two classes, as follows:

(1)     Eighty million (80,000,000) shares of common stock, which shall be called "Common Stock;" and

(2)     Two million (2,000,000) shares of preferred stock, which shall be called "Preferred Stock."

The following provisions shall apply to the authorized stock of the corporation:

A.     Provisions Applicable to Common Stock.

1.     *No Preference.* None of the shares of the Common Stock shall be entitled to any preferences, and each share of Common Stock shall be equal to every other share of said Common Stock in every respect.

2.     *Dividends.* After payment or declaration of full dividends on all shares having a priority over the Common Stock as to dividends, and after making all required sinking or retirement fund payments, if any, on all classes of preferred shares and on any other stock of the corporation ranking as to dividends or assets prior to the Common Stock, dividends on the shares of Common Stock may be declared and paid, but only when and as determined by the Board of Directors.

3.     *Rights on Liquidation.* On any liquidation, dissolution, or winding up of the affairs of the corporation, after there shall have been paid to or set aside for the holders of all shares having priority over the Common Stock the full preferential amounts to which they are

- 2 -

respectively entitled, the holders of the Common Stock shall be entitled to receive pro rata all the remaining assets of the corporation available for distribution to its shareholders.

      4. *Voting.* At all meetings of shareholders of the corporation, the holders of the Common Stock shall be entitled to one vote for each share of Common Stock held by them respectively.

      B. Provisions Applicable to Preferred Stock.

      1. *Issuance in Series.* The authorized shares of Preferred Stock may be issued from time to time in one or more series, each of such series to have such designations, powers, preferences, and relative, participating, optional, or other rights, and such qualifications, limitations, or restrictions, as may be stated in a resolution or resolutions providing for the issue of such series adopted by the Board of Directors. Authority is hereby expressly granted to the Board of Directors, subject to the provision of this Article, to authorize the issuance of any authorized and unissued shares of Preferred Stock (whether or not previously designated as shares of a particular series, and including shares of any series issued and thereafter acquired by the corporation) as shares of one or more series of Preferred Stock, and with respect to each series to determine and designate by resolution or resolutions providing for the issuance of such series:

      (a) The number of shares to constitute the series and the title thereof;

      (b) Whether the holders shall be entitled to cumulative or noncumulative dividends, and, with respect to shares entitled to cumulative dividends, the date or dates from which such dividends shall be cumulative, the rate of the annual dividends thereon (which may be fixed or variable and may be made dependent upon facts ascertainable outside of the Restated Articles of Incorporation), the dates of payment thereof, and any other terms and conditions relating to such dividends;

      (c) Whether the shares of such series shall be redeemable, and, if redeemable, whether redeemable for cash, property, or rights, including securities of any other corporation, and whether redeemable at the option of the holder or the corporation or upon the happening of a specified event, the limitations and restrictions with respect to such redemption, the time or times when, the price or prices or rate or rates at which, the adjustments with which, and the manner in which such shares shall be redeemable, including the manner of selecting shares of such series for redemption if less than all shares are to be redeemed, and the terms and amount of a sinking fund, if any, provided for the purchase or redemption of such shares;

      (d) Whether the shares of such series shall be participating or nonparticipating, and, with respect to participating shares, the date or dates from which

- 3 -

the dividends shall be participating, the rate of the dividends thereon (which may be fixed or variable and may be made dependent upon facts ascertainable outside of the Restated Articles of Incorporation), the dates of payment thereof, and any other terms and conditions relating to such additional dividends;

      (e)    The amount per share payable to holders upon any voluntary or involuntary liquidation, dissolution, or winding up of the affairs of the corporation;

      (f)    The conversion or exchange rights, if any, of such series, including, without limitation, the price or prices, rate or rates, and provisions for the adjustment thereof (including provisions for protection against the dilution or impairment of such rights), and all other terms and conditions upon which shares constituting such series may be converted into, or exchanged for, shares of any other class or classes or series;

      (g)    The voting rights per share, if any, of each such series, provided that in no event shall any shares of any series be entitled to more than one vote per share; and

      (h)    All other rights, privileges, terms, and conditions that are permitted by law and are not inconsistent with this Article.

All shares of Preferred Stock shall rank equally and be identical in all respects except as to the matters specified in this Article or any amendment thereto, or the matters permitted to be fixed by the Board of Directors, and all shares of any one series thereof shall be identical in every particular except as to the date, if any, from which dividends on such shares shall accumulate.

2.    *Dividends.* The holders of shares of each series of Preferred Stock shall be entitled to receive, when, as, and if declared by the Board of Directors, dividends at, but not exceeding, the dividend rate fixed for such series by the Board of Directors pursuant to the provisions of this Article.

3.    *Liquidation Preference.* Upon the liquidation, dissolution, or winding up of the affairs of the corporation, whether voluntary or involuntary, the holders of each series of Preferred Stock shall be entitled to receive in full out of the assets of the corporation available for distribution to shareholders (including its capital) before any amount shall be paid to, or distributed among, the holders of Common Stock, an amount or amounts fixed by the Board of Directors pursuant to the provisions of this Article. If the assets of the corporation legally available for payment or distribution to holders of the Preferred Stock upon the voluntary or involuntary liquidation, dissolution, or winding up of the affairs of the corporation are insufficient to permit the payment of the full preferential amount to which all outstanding shares of the Preferred Stock are entitled, then such assets shall be distributed ratably upon outstanding shares of the Preferred Stock in proportion *to* the full preferential amount to which each such

- 4 -

share shall be entitled. After payment to holders of the Preferred Stock of the full preferential amount, holders of the Preferred Stock as such shall have no right or claim to any of the remaining assets of the corporation. The merger or consolidation of the corporation into or with any other corporation, or the merger of any other corporation into the corporation, or the sale, lease, or conveyance of all or substantially all of the property or business of the corporation, shall not be deemed to be a dissolution, liquidation, or winding up for purposes of this Section 3.

## ARTICLE IV

The address of the registered office of the corporation is 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170.

The name of the resident agent is The Corporation Company.

## ARTICLE V

When a compromise or arrangement or a plan of reorganization of this corporation is proposed between this corporation and its creditors or any class of them or between this corporation and its shareholders or any class of them, a court of equity jurisdiction within the state, on application of this corporation or of a creditor or shareholder thereof, or on application of a receiver appointed for the corporation, may order a meeting of the creditors or class of creditors or of the shareholders or class of shareholders to be affected by the proposed compromise or arrangement or reorganization, to be summoned in such manner as the court directs. If a majority in number representing 3/4 in value of the creditors or class of creditors, or of the shareholders or class of shareholders to be affected by the proposed compromise or arrangement or a reorganization, agree to a compromise or arrangement or a reorganization of this corporation as a consequence of the compromise or arrangement, the compromise or arrangement and the reorganization, if sanctioned by the court to which the application has been made, shall be binding on all of the creditors or class of creditors, or on all of the shareholders or class of shareholders and also on this corporation.

## ARTICLE VI

Members of the Board of Directors of the corporation shall be selected, replaced, and removed as follows:

(1)     Number of Directors. The number of the directors of the corporation shall be fixed from time to time by resolution adopted by a majority vote of the Board of Directors but shall not be less than three.

(2)     Classification. The Board of Directors shall be divided into three classes as nearly equal in number as possible, with the term of office of one class expiring each year. At each annual meeting of the shareholders, the successors of the class of directors whose term expires at that meeting shall be elected to hold office for a term expiring at the annual meeting of shareholders held in the third year following the year of their election.

- 5 -

(3)   <u>Vacancies and Newly Created Directorships</u>.  Any vacancy occurring in the Board of Directors caused by resignation, removal, death, disqualification, or other incapacity, and any newly created directorships resulting from an increase in the number of directors, shall be filled by a majority vote of directors then in office, whether or not a quorum. Each director chosen to fill a vacancy or a newly created directorship shall hold office until the next election of the class for which such director shall have been chosen. When the number of directors is changed, any newly created or eliminated directorships shall be so apportioned by the Board of Directors among the classes as to make all classes as nearly equal in number as possible.   No decrease in the number of directors constituting the Board of Directors shall shorten the term of any incumbent director.

(4)   <u>Removal</u>. Any director may be removed from office at any time, but only for cause, and only if removal is approved as set forth below.

Except as may be provided otherwise by law, cause for removal shall be construed to exist only if: (i) the director whose removal is proposed has been convicted of a felony by a court of competent jurisdiction and such conviction is no longer subject to direct appeal; (ii) such director has been adjudicated by a court of competent jurisdiction to be liable for negligence or misconduct in the performance of his duty to the corporation in a matter of substantial importance to the corporation and such adjudication is no longer subject to direct appeal; (iii) such director has become mentally incompetent, whether or not so adjudicated, which mental incompetency directly affects his ability as a director of the corporation; or (iv) such director's actions or failure to act are deemed by the Board of Directors to be in derogation of the director's duties.

Whether cause for removal exists shall be determined by the affirmative vote of two-thirds (2/3) of the total number of directors. Any action to remove a director pursuant to (i) or (ii) above shall be taken within one year of such conviction or adjudication.  For purposes of this paragraph, the total number of directors will not include the director who is the subject of the removal determination, nor will such director be entitled to vote thereon.

## ARTICLE VII

The corporation shall indemnify directors and executive officers of the corporation as of right to the fullest extent now or hereafter permitted by law in connection with any actual or threatened civil, criminal, administrative, or investigative action, suit, or proceeding (whether brought by or in the name of the corporation, a subsidiary, or otherwise) arising out of their service to the corporation, a subsidiary, or to another organization at the request of the corporation or a subsidiary. The corporation may indemnify persons who are not directors or executive officers of the corporation to the extent authorized by bylaw, resolution of the Board of Directors, or contractual agreement authorized by the Board of Directors. The corporation may purchase and maintain insurance to protect itself and any such director, officer, or other person against any liability asserted against him or her and incurred by him or her in respect of such service whether or not the corporation would have the power to indemnify him or her against such liability by law or under the provisions of this paragraph. The provisions of this paragraph shall apply to actions, suits, or proceedings, whether arising from acts or omissions occurring before or after the adoption of this Article VII, and to directors,

- 6 -

officers, and other persons who have ceased to render such service, and shall inure to the benefit of the heirs, executors, and administrators of the directors, officers, and other persons referred to in this paragraph.

### ARTICLE VIII

A director of the corporation shall not be liable to the corporation or its shareholders for money damages for any action taken or any failure to take any action as a director, except liability for any of the following: (a) the amount of a financial benefit received by a director to which he or she is not entitled; (b) an intentional infliction of harm on the corporation or its shareholders; (c) a violation of section 551 of the Michigan Business Corporation Act; or (d) an intentional criminal act. In the event the Michigan Business Corporation Act is amended after the approval by the shareholders of this Article to authorize corporate action further eliminating or limiting the personal liability of directors, then the liability of a director of the corporation shall be eliminated or limited to the fullest extent permitted by the Michigan Business Corporation Act, as so amended. Any repeal, modification or adoption of any provision in these Articles of Incorporation inconsistent with this Article shall not adversely affect any right or protection of a director of the corporation existing at the time of such repeal, modification or adoption.

* * * * *

These Restated Articles of Incorporation were duly adopted by the directors of the corporation on October 29, 2020 in accordance with the provisions of Section 641 of the Michigan Business Corporation Act. These Restated Articles of Incorporation only restate and integrate and do not further amend the articles as theretofore amended. There is no material discrepancy between the provisions of the articles as theretofore amended and the provisions of these Restated Articles of Incorporation.

Signed this 5th day of November, 2020.

Ryan Roney
Corporate Secretary and Chief Legal Officer

16987583

- 7 -

**EXHIBIT B TO DECLARATION OF PAMELA MILLER**

Filed by Corporations Division Administrator   Filing Number: 221391760470   Date: 03/18/2021



Form Revision Date 07/2016

## ANNUAL REPORT

*(Required by Section 911, Act 284, Public Act of 1972)*

| The identification number assigned by the Bureau is: | 800168486 |
|---|---|

| Annual Report Filing Year: | 2021 |
|---|---|

1. Corporation Name:

THE SHYFT GROUP, INC.

2. The street address of the corporation's registered office and the name of the resident agent at that office:

1. Resident Agent Name:   THE CORPORATION COMPANY

2. Street Address:   40600 ANN ARBOR RD E STE 201

Apt/Suite/Other:

City:   PLYMOUTH

State:   MI                                    Zip Code: 48170

3. Mailing address of the corporation's registered office:
   P.O. Box or Street
   Address:

   Apt/Suite/Other:

   City:
   State:                                    Zip Code:

4. Provide the names and business or residence addresses of the corporations board of directors and its president, treasurer, and secretary:

| Title | Name | Residence or Business Address |
|---|---|---|
| PRESIDENT | DARYL M. ADAMS | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| TREASURER | JONATHAN DOUYARD | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| SECRETARY | RYAN L. RONEY | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| DIRECTOR | JAMES A. SHARMAN | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| DIRECTOR | PAUL A. MASCARENAS | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| DIRECTOR | RICHARD F. DAUCH | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| DIRECTOR | RONALD HARBOUR | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| DIRECTOR | THOMAS R. CLEVENGER | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| DIRECTOR | ANGELA K. FREEMAN | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| DIRECTOR | DARYL M. ADAMS | 41280 BRIDGE ST, NOVI, MI 48375 USA |
| DIRECTOR | MICHAEL DINKINS | 41280 BRIDGE ST, NOVI, MI 48375 USA |

5. Describe the general nature and kind of business in which the corporation is engaged in during the year covered by this report:
MANUFACTURING TRUCK BODIES.

This document must be signed by an authorized officer or agent:

Signed this 18th Day of March, 2021 by:

| Signature | Title | Title if "Other" was selected |
|---|---|---|
| Ryan L. Roney | Secretary | |
| | | |

By selecting ACCEPT, I hereby acknowledge that this electronic document is being signed in accordance with the Act. I further certify that to the best of my knowledge the information provided is true, accurate, and in compliance with the Act.

⌐ Decline      ⌐ Accept

Filed by Corporations Division Administrator   Filing Number: 221391760470   Date: 03/18/2021

# *MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS*

## *FILING ENDORSEMENT*

*This is to Certify that the* 2021 ANNUAL REPORT

*for*

THE SHYFT GROUP, INC.

*ID Number:*   800168486

*received by electronic transmission on*   March 18, 2021   *, is hereby endorsed.*

*Filed on*   March 18, 2021   *, by the Administrator.*

*The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.*



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 18th day of March, 2021.*

*Linda Clegg, Director*

*Corporations, Securities & Commercial Licensing Bureau*

**EXHIBIT C TO DECLARATION OF PAMELA MILLER**

531297040

# ANNUAL REPORT

### Domestic Business Corporation
**SDCL 59-11-24, 24.1**

Secretary of State
500 E. Capitol Ave
Pierre, SD 57501-5070
(605) 773-4845

**2021**
FILING YEAR

**Please Type or Print Clearly in Ink**
**Please submit one Original**
**Make payable to the SECRETARY OF STATE**

| Filing Fee: $50 |
|---|
| **Total Fee: $50** |

1. Business ID and Name:

   **DB029805**
   BUSINESS ID

   **The Shyft Group USA, Inc.**
   BUSINESS NAME

2. The jurisdiction under whose law it is formed  **SOUTH DAKOTA**

3. The address of the principal executive office (business address):

   Actual Street Address

   **41280 BRIDGE STREET**
   **NOVI, MI  48375**

   Mailing Address

   **41280 BRIDGE STREET**
   **NOVI, MI  48375**

4. The South Dakota Registered Agent's Name:

   South Dakota law permits the registered agent to be either (a) a noncommercial registered agent, (b) a commercial registered agent, or (c) an office holder.

   (b) The South Dakota Commercial Registered Agent's name & CRA#

   CRA:   **C T CORPORATION SYSTEM (0000002)**

   Actual Street Address in this State

   **319 S COTEAU ST**
   **PIERRE, SD  57501-3187**

   Mailing Address in this State

5. The names and business addresses of its principal officers.

   | Title | Name | Address |
   |---|---|---|
   | | Daryl M. Adams | 41280 Bridge Street, Novi, MI  48375 |
   | Treasurer | Jon  Douyard | 41280 Bridge Street, Novi, MI  48375 |
   | Secretary | Joshua  Sherbin | 41280 Bridge Street, Novi, MI  48375 |
   | President | Chad  Heminover | 603 Earthway Blvd., Bristol, IN  46507 |
   | President | STEPHEN  GUILLAUME | 41280 Bridge Street, Novi, MI  48375 |

6. The names and business addresses of its directors (governors).

   | Name | Address |
   |---|---|
   | Daryl M. Adams | 41280 Bridge Street, Novi, MI  48375 |
   | Joshua  Sherbin | 41280 Bridge Street, Novi, MI  48375 |

7. Beneficial Owners (optional): A beneficial owner is a person who has or in some manner controls an equity security. Please consult an attorney for legal advice if you have any questions concerning this entry. Any question under this heading is considered a request for legal advice and the secretary of state's office is, by statute, not permitted, to provide legal advice.

   | Name | Address |
   |---|---|

Page 1 of 2

B0191-7247 08/31/2021 4:14PM Rec'd by SD SOS

**The Shyft Group, Inc.**          **41280 Bridge Street, Novi, MI  48375**

No person may execute this report knowing it is false in any material respect.  Any violation may be subject to a civil and/or criminal penalty (SDCL 47-1A-129; 22-39-36).

08/31/2021

Dated

Email (Optional)

*Joshua Sherbin*

Signature of an Authorized Person

Joshua Sherbin

Printed Name

B0191-7248  08/31/2021  4:14PM  Rec'd by SD SOS

**EXHIBIT D TO DECLARATION OF PAMELA MILLER**

Filed by Corporations Division Administrator   Filing Number: 220269398010   Date: 04/29/2020



**LARA** Corporations Online Filing System

**Department of Licensing and Regulatory Affairs**

Form Revision Date 07/2016

## CERTIFICATE OF AMENDMENT TO THE ARTICLES OF ORGANIZATION

For use by DOMESTIC LIMITED LIABILITY COMPANY

*Pursuant to the provisions of Act 23, Public Acts of 1993, the undersigned executes the following Certificate of Amendment:*

| | |
|---|---|
| The identification number assigned by the Bureau is: | 802320504 |
| The name of the limited liability company is: | SPARTAN MOTORS GTB, LLC |
| The date of filing the original Articles of Organization was: | 5/10/2019 |

Complete only those articles being amended.

### Article I

The name of the limited liability company as amended, is:

THE SHYFT GROUP GTB, LLC

The amendment was approved by unanimous vote of all the members entitled to vote.

This document must be signed by a member, manager, or an authorized agent:

Signed this 28th Day of April, 2020 by:

| Signature | Title | Title if "Other" was selected |
|---|---|---|
| Ryan L. Roney | Authorized Agent | |
| | | |

By selecting ACCEPT, I hereby acknowledge that this electronic document is being signed in accordance with the Act. I further certify that to the best of my knowledge the information provided is true, accurate, and in compliance with the Act.

⌐ Decline    ⌐ Accept

Filed by Corporations Division Administrator   Filing Number: 220269398010   Date: 04/29/2020

# *MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS*

## *FILING ENDORSEMENT*

*This is to Certify that the*   CERTIFICATE OF AMENDMENT TO THE ARTICLES OF ORGANIZATION

*for*

THE SHYFT GROUP GTB, LLC

*ID Number:*   802320504

*received by electronic transmission on*   April 28, 2020   *, is hereby endorsed.*

*Filed on*   April 29, 2020   *, by the Administrator.*

*The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.*



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 29th day of April, 2020.*

*Linda Clegg, Interim Director*

*Corporations, Securities & Commercial Licensing Bureau*

**EXHIBIT E TO DECLARATION OF PAMELA MILLER**

Filed by Corporations Division Administrator   Filing Number: 201967785580      Date: 05/10/2019



Form Revision Date 02/2017

## ARTICLES OF ORGANIZATION
For use by DOMESTIC LIMITED LIABILITY COMPANY

*Pursuant to the provisions of Act 23, Public Acts of 1993, the undersigned executes the following Articles:*

---

Article I

The name of the limited liability company is:

SPARTAN MOTORS GTB, LLC

---

Article II

Unless the articles of organization otherwise provide, all limited liability companies formed pursuant to 1993 PA 23 have the purpose of engaging in any activity within the purposes for which a limited liability company may be formed under the Limited Liability Company Act of Michigan. You may provide a more specific purpose:

---

Article III

The duration of the limited liability company if other than perpetual is:

PERPETUAL

---

Article IV

The street address of the registered office of the limited liability company and the name of the resident agent at the registered office (P.O. Boxes are not acceptable):

1. Agent Name:              THE CORPORATION COMPANY
2. Street Address:          40600 ANN ARBOR ROAD
   Apt/Suite/Other:         SUITE 201
   City:                    PLYMOUTH
   State:                   MI                           Zip Code: 48170

3. Registered Office Mailing Address:
   P.O. Box or Street
   Address:
   Apt/Suite/Other:
   City:
   State:                                                Zip Code:

---

Signed this 8th Day of May, 2019 by the organizer(s):

| Signature | Title | Title if "Other" was selected |
|---|---|---|
| Ryan L. Roney | Organizer | |
| | | |

By selecting ACCEPT, I hereby acknowledge that this electronic document is being signed in accordance with the Act. I further certify that to the best of my knowledge the information provided is true, accurate, and in compliance with the Act.

ʝ Decline     ʝ Accept

Filed by Corporations Division Administrator   Filing Number: 201967785580     Date: 05/10/2019

# MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS

# FILING ENDORSEMENT

**This is to Certify that the**   ARTICLES OF ORGANIZATION

*for*

SPARTAN MOTORS GTB, LLC

**ID Number:**     802320504

**received by electronic transmission on**   May 08, 2019       *, is hereby endorsed.*

**Filed on**   May 10, 2019     *, by the Administrator.*

*The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.*



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 10th day of May, 2019.*

Julia Dale, Director

*Corporations, Securities & Commercial Licensing Bureau*

166

**EXHIBIT F TO DECLARATION OF PAMELA MILLER**

INBiz: Your one-stop source for your business.

 (https://inbiz.in.gov)



## Filing History

### Business Details

| | | | |
|---|---|---|---|
| **Business Name:** | UTILIMASTER CORPORATION | **Business ID:** | 197912-739 |
| **Entity Type:** | Domestic For-Profit Corporation | **Business Status:** | Voluntarily Dissolved |
| **Creation Date:** | 12/26/1979 | **Inactive Date:** | 12/14/1994 |
| **Principal Office Address:** | ATTN:RICHARD E BOND, 65266 STATE ROAD 19 P O BOX 585, WAKARUSA, IN, 46573, USA | **Expiration Date:** | Perpetual |
| **Jurisdiction of Formation:** | Indiana | **Business Entity Report Due Date:** | 12/31/1995 |
| | | **Years Due:** | 1995/1996, 1997/1998, 1999/2000, 2001/2002, 2003/2004, 2005/2006, 2007/2008, 2009/2010, 2011/2012, 2013/2014, 2015/2016, 2017/2018, 2019/2020 |

### Filing History Details

| Filing Date | Effective Date | Filing Number | Filing Type |
|---|---|---|---|
| 12/26/1979 | 12/26/1979 | 0000429357 | Articles of Incorporation (/PublicBusinessSearch/GetBOSNameReservationFilingDocuments?FilingNo=429357) |
| 05/11/1988 | 05/11/1988 | 0000429358 | Certificate of Assumed Business Name (/PublicBusinessSearch/GetBOSFilingDocuments?FilingNo=429358&BusinessID=62894) |
| 01/05/1989 | 01/05/1989 | 0000429359 | Certificate of Assumed Business Name (/PublicBusinessSearch/GetBOSFilingDocuments?FilingNo=429359&BusinessID=62894) |
| 01/09/1989 | 01/09/1989 | 0000429360 | Articles of Restatement (/PublicBusinessSearch/GetBOSFilingDocuments?FilingNo=429360&BusinessID=62894) |
| 12/13/1993 | 12/13/1993 | 0000429361 | Business Entity Report (/PublicBusinessSearch/GetBOSNameReservationFilingDocuments?FilingNo=429361) |
| 12/14/1994 | 12/14/1994 | 0000429362 | Articles of Dissolution (/PublicBusinessSearch/GetBOSFilingDocuments?FilingNo=429362&BusinessID=62894) |

**Page 1 of 1, records 1 to 6 of 6**

Back      Return to Search

EXHIBIT Y

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOHN L. BARBER, SB# 160317
2    E-Mail: John.Barber@lewisbrisbois.com
   NATASHA COVARRUBIAS, SB# 299162
3    E-Mail: Natasha.Covarrubias@lewisbrisbois.com
   650 Town Center Drive, Suite 1400
4  Costa Mesa, California 92626
   Telephone: 714.545.9200
5  Facsimile: 714.850.1030

6  Attorneys for UTILIMASTER
   CORPORATION; THE SHYFT GROUP
7  USA, INC.; THE SHYFT GROUP, INC.;
   THE SHYFT GROUP GTB, LLC;
8  SPARTAN MOTORS GTB, LLC; and
   DANA PEARCE

9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  FRANCISCO ROCHA VALDIVIA, an        Case No. 2:21-cv-09583
    individual,
14                                       **DECLARATION OF DANA**
             Plaintiff,                   **PEARCE IN SUPPORT OF**
15                                        **DEFENDANT THE SHYFT GROUP**
         vs.                              **GTB, LLC'S NOTICE OF**
16                                        **REMOVAL OF CIVIL ACTION**
    UTILIMASTER CORPORATION, an
17  Indiana corporation; THE SHYFT       Complaint Filed:   July 27, 2021
    GROUP USA, INC., a South Dakota      First Amended
18  corporation; THE SHYFT GROUP,        Complaint Filed:   October 14, 2021
    INC., a Michigan corporation; THE
19  SHYFT GROUP GTB, LLC, a
    Michigan limited liability company;
20  SPARTAN MOTORS GTB, LLC, a
    Michigan limited liability company;
21  DANA PEARCE, an individual; and
    DOES 1 through 100, inclusive,
22
             Defendants.
23

24

25

26

27

28

4873-8918-0677.2                          1

DECLARATION OF DANA PEARCE IN SUPPORT OF DEFENDANT THE SHYFT GROUP GTB, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION

1

## <u>DECLARATION OF DANA PEARCE</u>

2      I, Dana Pearce, declare as follows:

3      1.      The statements in this declaration are made on the basis of my own

4  personal knowledge and I could and would competently testify thereto if called upon

5  to do so. I make this declaration in support of Defendant The Shyft Group GTB,

6  LLC's Notice of Removal.

7      2.      I am the General Manager of The Shyft Group GTB, LLC, located in

8  Montebello, California.  I have held this position since June 19, 2019.

9      3.      The Shyft Group GTB, LLC is a subsidiary of The Shyft Group, Inc.

10  Given my position with The Shyft Group GTB, LLC, I am familiar with Plaintiff

11  Francisco Rocha Valdivia's employment.

12      4.      As the General Manager of the Montebello location, I am responsible

13  for running the facility. This includes procurement of materials, sales, quality

14  control, designing the product, process, procedures, and process flow, materials

15  management, and production management.

16      5.      In my role as the General Manager, I do not have any personal

17  involvement or participation in handling payroll or employee wage statements.  I did

18  not have any involvement in the payment of wages, regular or overtime, for Mr.

19  Valdivia, nor did I take part in the preparation of his wage statements.

20      6.      Mr. Valdivia has been employed by The Shyft Group GTB, LLC

21  (previously known as Spartan Motors GTB, LLC) since August 2019.

22      7.      I consent to the removal of the above-captioned action by The Shyft

23  Group GTB, LLC to federal court.

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4873-8918-0677.2                                                     2
DECLARATION OF DANA PEARCE IN SUPPORT OF DEFENDANT THE SHYFT GROUP GTB, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION

171

1      I declare under penalty of perjury under the laws of the State of California

2  that the foregoing is true and correct and that this declaration was executed on this

3  9th day of December, 2021, at Montebello, California.

4

5

6  _____
      Dana Pearce

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4873-8918-0677.2

3

DECLARATION OF DANA PEARCE IN SUPPORT OF DEFENDANT THE SHYFT GROUP GTB, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION

172

EXHIBIT Z

1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
     JOHN L. BARBER, SB# 160317
2      E-Mail: John.Barber@lewisbrisbois.com
     NATASHA COVARRUBIAS, SB# 299162
3      E-Mail: Natasha.Covarrubias@lewisbrisbois.com
     650 Town Center Drive, Suite 1400
4   Costa Mesa, California 92626
     Telephone: 714.545.9200
5   Facsimile: 714.850.1030

6   Attorneys for UTILIMASTER
     CORPORATION; THE SHYFT GROUP
7   USA, INC.; THE SHYFT GROUP, INC.;
     THE SHYFT GROUP GTB, LLC;
8   SPARTAN MOTORS GTB, LLC; and
     DANA PEARCE

9

10              UNITED STATES DISTRICT COURT

11       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13

14   FRANCISCO ROCHA VALDIVIA, an individual,

15            Plaintiff,

16

17            vs.

18   UTILIMASTER CORPORATION, an Indiana corporation; THE SHYFT

19   GROUP USA, INC., a South Dakota corporation; DANA PEARCE, an

20   individual; and DOES 1 through 100 inclusive,

21            Defendants.

Case No. 2:21-cv-09583

**DECLARATION OF DEBBIE HUTCHISON IN SUPPORT OF DEFENDANT THE SHYFT GROUP GTB, LLC'S NOTICE OF REMOVAL**

22

23

24

25

26

27

28

4878-6740-0453.3

1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    I, Debbie Hutchison, do hereby declare:

2    1.      The statements in this declaration are made on the basis of my own

3  personal knowledge and I could and would competently testify thereto if called upon

4  to do so.  I make this declaration in support of Defendant The Shyft Group GTB,

5  LLC's Notice of Removal.  I am authorized to make this declaration on The Shyft

6  Group GTB, LLC's behalf.

7    2.      I am the Director of Human Resources for the Specialty Vehicles

8  division of The Shyft Group, Inc.  The Shyft Group GTB, LLC is a subsidiary of

9  The Shyft Group, Inc.  The Shyft Group GTB, LLC is currently a part of the

10  Specialty Vehicles division for The Shyft Group, Inc.

11    3.      I have held this position since March 2021.  In my capacity as Director

12  of Human Resources for the Specialty Vehicles division of The Shyft Group, Inc., I

13  have access to and personal knowledge of the employment records of Plaintiff

14  Francisco Rocha Valdivia ("Mr. Valdivia").

15    4.      Mr. Valdivia has been employed by The Shyft Group GTB, LLC

16  (previously known as Spartan Motors GTB, LLC) since August 2019.  His most

17  recent hourly rate is $15.25 per hour.   When Mr. Valdivia was an active employee,

18  he consistently worked overtime during the workweek.  Mr. Valdivia W-2

19  statements for 2019 and 2020 reflect gross wages of $12,783.70 and $20,618.26,

20  respectively.

21    I declare under the penalty of perjury under the laws of the United States of

22  America and the State of California that the foregoing is true and correct.

23

24  Executed this 8th day of December, 2021, at Montebello, California.

25

26

27                                                    Debbie Hutchison

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**&SMITH LLP**
ATTORNEYS AT LAW

4878-6740-0453.3                                        2

DECLARATION OF DEBBIE HUTCHINSON IN SUPPORT OF DEFENDANT THE SHYFT GROUP GTB, LLC'S  NOTICE OF REMOVAL